SZOST *v.* DYKMAN.

1. NEGLIGENCE—SUBSEQUENT NEGLIGENCE.
   Doctrine of subsequent negligence is not applicable unless both
   plaintiff and defendant are negligent.

2. MOTOR VEHICLES—NEGLIGENCE—UNREASONABLY SLOW SPEED.
   Under Act No. 318, Pub. Acts 1927, tit. 3, § 5, speed may be
   unreasonably slow as well as unreasonably rapid.

3. SAME—DOCTRINE OF SUBSEQUENT NEGLIGENCE NOT APPLICABLE
   WHERE CONCURRENT NEGLIGENCE EXISTS.
   Where, in action and cross-action for damages caused by auto-
   mobile collision at street intersection, it appears that both
   parties were negligent and that their negligence continued
   up to moment of impact, negligence of both parties was
   concurrent, rendering doctrine of subsequent negligence in-
   applicable and barring right of either to recover.

Error to Kent; Perkins (Willis B.), J. Submitted
October 9, 1930. (Docket No. 44, Calendar No.
35,025.) Decided December 2, 1930.

Case by Michael Szost against Orrie J. Dykman
and another for personal and property injuries.
Cross-action for injuries to property. From judg-
ment for defendant and on the cross-action for plain-
tiff, plaintiff brings error. Affirmed.

*Michael Garvey,* for plaintiff,

*Mason, Alexander & McCaslin (C. A. Mitts, Jr.,*
of counsel), for defendants.

FEAD, J. This is an automobile collision case in
which defendant filed cross suit for damages and

the jury found no cause of action as to both claims. The principal question is whether the court erred in refusing to submit to the jury the question of what is variously called gross, discovered, or subsequent negligence.

In setting out the facts, we will accept plaintiff's version of the accident. Bridge street in Grand Rapids runs east and west, is a through traffic thoroughfare, and has a street car track in the center. Lane avenue crosses it and is a stop street. Plaintiff drove north on Lane avenue, stopped at the crossing, looked to the right and saw a street car about to discharge passengers, looked to the left and saw defendant Dykman's car, driven by Helen Dykman, then 265 to 300 feet away and approaching on Bridge street. He paid no attention to its speed. He started his car, ran it at 5 miles an hour, did not look to the west again until he had reached the street car track, saw defendant's car 10 to 20 feet from him, did nothing to avoid a collision, and, as his front wheels were over the north street car track, his automobile was struck near the rear end by defendant's car. Miss Dykman was driving at 15 to 25 miles per hour, looked down Lane avenue as she approached the intersection, saw the stop sign, saw no car, did not look ahead on Bridge street and did not see plaintiff's car until she struck it. The collision occurred south of the center of the street.

Plaintiff's contention is that, by the exercise of ordinary care, Miss Dykman should have discovered his negligence and peril and have avoided the collision.

"The theory of gross negligence is that the antecedent negligence of plaintiff only put him in a position of danger and was therefore only the remote

cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause." *Gibbard* v. *Cursan,* 225 Mich. 311, 319.

"If the negligence of a plaintiff is concurrent with the negligence of a defendant, the rule as to antecedent negligence of plaintiff and subsequent negligence of defendant does not apply. The doctrine of gross, subsequent, or discovered negligence may not be invoked to excuse concurrent negligence of a plaintiff." *Ibid.* 320.

The doctrine of subsequent negligence is not applicable unless both plaintiff and defendant are negligent. We must assume, then, that the jury found both drivers guilty of the negligence disclosed by the testimony. From the evidence, the jury could have found Miss Dykman negligent in not seeing plaintiff and in not stopping or turning to avoid the injury and in driving at a speed in excess of the statutory limit; and plaintiff negligent in not making proper observation of the speed and approach of defendant's car and in driving at an excessively slow speed. Speed may be unreasonably slow as well as unreasonably rapid. Act No. 318, Pub. Acts 1927, tit. 3, § 5. Plaintiff's negligence did not put him in a place of danger, leave him there, and cease to operate directly upon the collision. On the contrary, the negligence of both drivers continued to function actively, continuously, and concurrently to the moment of impact, and the combined negligence constituted the proximate cause of the collision. The testimony shows no point of time or place at which defendant's negligence became subsequent to plaintiff's, and there is no hypothesis upon which Miss Dykman could be said to have been guilty of discovered negligence which would not apply with equal force to declaring plaintiff guilty of negligence subsequent to hers. If plaintiff's statement

of the facts was true, the case presented an illustration of the oft repeated claim that a slow driver is a menace to traffic, as the collision would not have happened had he crossed the intersection at a reasonably rapid rate of speed.

Plaintiff's other points are without merit and need no discussion, except that costs were awarded against him. As both parties failed to make a case, no costs were chargeable to either.

The judgment for costs will be set aside. Otherwise the judgment is affirmed, with costs of this court to defendant.

BUTZEL, CLARK, POTTER, SHARPE and NORTH, JJ., concurred. WIEST, C. J., and McDONALD, J., concurred in the result.