## COSSE v. HENLEY.
### No. 6084.

Court of Appeal of Louisiana.
Second Circuit.
Nov. 3, 1939.

Rehearing Denied Dec. 1, 1939.

James G. Palmer, of Shreveport, for appellant.

E. W. & P. N. Browne, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff seeks to recover damages ex delicto of defendant, resulting from a collision between his automobile and defendant's truck on Centenary Boulevard, in the City of Shreveport, after dark on the evening of November 3, 1938. His demand was rejected and he has appealed to this court.

The facts of the accident are all practically undisputed. The truck, while zigzagging over the street, down grade, collided with the automobile when it was being operated by plaintiff at a lawful speed and on its proper side of the street. The only controverted question to determine is whether the loss of control of the truck by defendant's agent and operator, resulting in the collision, arose from his negligence and lack of care or whether it was the natural and ordinary consequence of conditions beyond his control.

Centenary Boulevard, for a considerable distance below and above the situs of the collision, runs nearly north and south. It is 36 feet wide between curbs. Plaintiff was traveling southerly; the truck was going northerly. The boulevard, from the place of the accident, on southerly for 202.4 feet, is a four per cent acclivity, and thereafter the declivity is at approximately the same rate for a considerable distance. From the top of the rise to the place of the accident, there was a fall of 8 feet. This street is surfaced with a mineral composition, which becomes very slippery when wet. Over a distance south of the situs of the accident, not definitely disclosed, and north of it also, the boulevard had been recently resurfaced. This fact is stressed by defendant because it appears that new surfacing is more slippery when wet than is the old. It had rained the evening of the accident.

Defendant's truck was of light weight. It was driven by a colored boy, accompanied by a young white man. The treads of its tires were somewhat worn, which, to some extent, reduced friction efficiency.

The two boys in the truck testified that its speed was between 15 and 20 miles per hour as it began the descent ending in the collision; that when approximately half way down, the vehicle began to skid and zig zag and continued to do so until it collided with plaintiff's car.

Plaintiff testified that he observed the truck as it came from over the hill below him, at a fast speed, and that it began immediately to zig zag, and continued at that pace until it struck him. He thought, from its movements immediately prior to the collision, that it purposed to make a left turn into Lister Street, only a short distance south of him.

Defendant's driver also testified that he "accelerated" when he reached the top of the hill "because it was very slippery." If he really did this, it was palpable negligence, in view of the down grade before him, the slippery condition of the road's surface, and the smooth tread of his tires. If he intended to say that he put the motor in neutral in order to coast down, in view of all the circumstances, such action was also negligence, and in violation of a positive rule of the Highway Regulatory Act, to-wit: "The driver of a motor vehicle, when traveling upon a down grade upon any highway, shall not coast such vehicle without having complete control thereof." Rule 16 (b), sec. 3, Act No. 286 of 1938.

All things considered, we are of the opinion that the truck's speed as it began the descent toward plaintiff, after coming from over the rise in the road below Lister Street, was considerably greater than 15 or 20 miles per hour, and that this speed, coupled with the road's surface condition and the truck's smooth tires, superinduced loss of control of the truck by its operator. A light drizzling rain was falling at the time.

Defendant's operator was accustomed to driving this truck upon the boulevard, doubtless in all sorts of weather. He knew the condition of its tires, that it had rained and that the surface of the street was slippery therefrom. This slippery condition existed for a considerable distance south of the point where the truck first began to skid. Every circumstance dictated to him the necessity of the exercise of super precaution in operating the truck to the end that its control would surely be maintained, and injury to others be avoided. We are sure he failed signally in this respect and that the collision was solely the result of this omission of duty on his part.

We are aware, as argued by defendant, that from the mere fact of a motor vehicle skidding, negligence should not be inferred. It may occur and continue without fault of the operator. Whether it occurs from fault or without it, is a question of fact generally susceptible of proof. In this case the proof, in our opinion, clearly demonstrates that the skidding of the truck arose from fault on the part of its operator.

There is no merit in the contention that plaintiff had the last clear chance to avert the accident and failed to avail himself thereof. In support of this position, defendant argues that plaintiff, after observing the antics of the truck, should have pulled his own car against the curb and brought it to a complete stop. We do not think he was under any duty to do this. He was, at all times, well on his side of the road and had the right to proceed cautiously forward. It is not certain that he would not have been run into by the truck, even though he had stopped. The truck was entirely out of control, shifting from one side of the street to the other, and was still going down grade when the accident happened.

The impact rendered plaintiff semiconscious. He was promptly carried to a local sanitarium and remained there for eight days. He was returned home, but was incapacitated to perform his regular duties over this period at an expense of $150, which he should recover.

Examination at the sanitarium revealed superficial lacerations in the bridge of the nose, brush burns on his right knee, and about the sixth and seventh ribs in the costal region. There were no fractures. He was suffering considerably from shock, and was experiencing much pain. The intensity of this pain does not appear to have continued very long.

On account of shock, pain, suffering, etc., plaintiff sues for $750. We think $500 adequate. He sued for physician's and sanitarium bills, but no proof of these was

offered. The damage to his car was repaired at a proven expense of $360. He is entitled to judgment for these amounts and for the $150 mentioned above.

For the reasons herein given, the judgment appealed from is amended, reversed and set aside, and there is now judgment in favor of plaintiff, Gus Cosse, and against defendant, J. W. Henley, for the sum of one thousand and ten ($1,010) dollars, with legal interest from judicial demand herein until paid, and for all costs.