No. 17,002.

PATCH ET AL. *v.* BOMAN.
(257 P. [2d] 418)

Decided April 27, 1953.

Mr. JOSEPH N. LILLY, Mr. H. BERMAN, for plaintiffs in error.

Messrs. WOLVINGTON & WORMWOOD, Mr. EDWARD J. McHUGH, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

This case grows out of an automobile collision on the 21st day of October 1951, at the intersection of West 49th avenue and Julian street, Denver, Colorado. Plaintiffs in error, who were plaintiffs in the trial court, were driving west on 49th avenue about noon during a rather heavy snow storm; defendant was driving south on Julian street, and his vehicle was to the right of plaintiff's car. The driver of plaintiff's car testified that when about two or two and one-half car lengths from the intersection, a large quantity of snow, in falling from an overhanging tree, fell on his windshield and entirely obscured his view; he was driving about ten or fifteen miles per hour, and drove on into the intersection, where the collision occurred. Defendant testified that in approaching the intersection, he first looked to the left and did not see plaintiff's car and then continued to look to the right until he was in the intersection, and then saw plaintiff's car, just about the instant of the collision.

Plaintiff Paul J. Patch was driving the automobile owned by Mary A. Patch, his wife, who sat with him on the front seat of the automobile, and Judy A. Patch, a minor daughter, was in the back seat. All parties involved in the accident suffered physical injuries and there was considerable damage to the automobiles.

Five days after the happening of the accident, plaintiffs filed this action, as it is said, in order to procure service on defendant, who was a nonresident and in Denver to attend a wedding ceremony. Defendant answered, denying negligence; alleging contributory negligence on the part of plaintiffs; and set up a counterclaim. In reply, plaintiffs asserted the doctrine of "last clear chance." Trial was begun before a jury and at the close of plaintiffs' case, the court granted defendant's motion for dismissal as to Paul and Mary Patch; re-

served a ruling as to Judy Patch, the minor; and the case proceeded on defendant's defense. At the close of all the evidence, the court sustained defendant's motion to dismiss as to Judy Patch, the minor; directed a verdict against plaintiffs on defendant's counterclaim; and submitted the question of damages to the jury, which returned a verdict for defendant on his counterclaim in the sum of $2,250. Motion for new trial was dispensed with.

In passing upon defendant's motion to dismiss at the close of plaintiffs' case, the trial court stated:

"The Court: If you have any law I will hear you. You have suggested none. I have ruled on the motion. I do not see where there is any negligence on the part of the defendant at all under any state of facts, in any light most favorable to the plaintiff there is no negligence on his part."

\* \* \*

"The Court: Yes. He has not done anything that he shouldn't have done. He had the right of way; although the ordinance is not before the Court, the Court will have to take judicial knowledge of the fact and its own knowledge of the streets in Denver. That is the law of the road in Denver."

Counsel for plaintiffs made no objection to the basis of the court's ruling. The trial then proceeded, with the question of dismissal as to the minor reserved until the conclusion of the case. In the course of the defense, defendant's counsel introduced, without objections, subsections (a) and (b) of section 82 of the Denver Traffic Ordinance on the right-of-way question, which are:

"Section 82. Vehicles approaching or entering intersection.— (a) When two vehicles or a vehicle and a street car approach an intersection from different highways the driver of the vehicle or street car on the left shall yield the right of way to the vehicle, or street car, on the right.

"(b) The driver, or operator of a vehicle or street car, shall approach each intersection in a cautious and pru-

dent manner and with the vehicle or street car, under such control that such driver, or operator, can stop such vehicle or street car, and yield the right of way at any intersection to any vehicle or street car which is entitled to the right of way."

For reversal, plaintiffs rely largely upon the contention that the court erred in taking judicial notice of the right-of-way ordinance of the City and County of Denver, when the ordinance had not been introduced and was not before the court; in holding that Mary Patch was guilty of negligence; in not submitting the matter of negligence to the jury; and in granting defendant's motion to dismiss as to Judy Patch, the minor.

■ From a technical standpoint, according to our former decisions, it would have been error for the court to take judicial notice of the so-called right-of-way ordinance without the same being offered in evidence and not being before the court; however, under the circumstances of this case, as later will appear, the action of the trial court on this matter at that particular stage of the trial, was harmless error. Furthermore, regardless of this incident, and irrespective of the right-of-way ordinance, the evidence otherwise amply supports the court's order granting defendant's motion for dismissal.

■ ■ It would be a legal farce, under the circumstances of this case, to reverse the judgment on this claimed error and remand it, for the court to deny the motion for dismissal, and then grant a motion for directed verdict on all the evidence after counsel for defendant had introduced the right-of-way ordinance. If the right-of-way ordinance was the primary cause of the court directing a verdict for defendant on his counterclaim, it matters little what the court did at the conclusion of plaintiffs' case. It is apparent that upon all the evidence, the trial court determined that the negligence of the driver of plaintiff's car was the sole proximate cause of the accident, and as to this negligence there was no dispute, that is, when plaintiff driver found

that the snow falling from the tree had completely covered the windshield and obscured his view of the area, it was his duty to stop, particularly so when he knew he was approaching an intersection. He now says defendant should have observed this condition of his windshield and stopped his car before the collision. This stretches the doctrine of "last clear chance" too far for acceptance. The front of plaintiff's car struck the left side of defendant's car and there is no evidence of defendant driving at an excessive speed. In the absence of any conflict in the testimony as to this negligence of plaintiff, the determination of the proximate cause was for the court. Its resolution of the facts left nothing for a jury's determination.

The judgment is affirmed.