Blanche D. CHOATE, Appellant,

v.

Harry MEREDITH, Appellee.

No. 7176.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 8, 1959.

Rehearing Denied Jan. 5, 1960.

Kenneth R. King, Tyler, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Philip L. Kelton, Royal H. Brin, Jr., Dallas, Harry Jones, Mineola, for appellee.

FANNING, Justice.

Blanche D. Choate sued Harry Meredith for personal injuries and property damage arising out of a collision of the automobiles of said parties. Meredith also brought a cross-action for his personal injuries and property damage. The cause was tried before a jury on special issues with the jury finding negligence on the part of both parties proximately causing the accident. Judgment was entered in favor of defendant on the main action and in favor of plaintiff on the cross-action, to the effect that neither party recover.

Blanche D. Choate has appealed and presents only one point on appeal, which point reads as follows:

"The District Court erred in overruling Plaintiff's Motion to Disregard Special Issue Jury Findings Numbers 39 and 40 in that such Findings had no support in the evidence."

The jury in response to Special Issue No. 39 found that Blanche D. Choate failed to have the automobile she was driving under proper control at the time of, and immediately prior to, the collision in question, and in response to Special Issue No. 40 found that such failure to keep proper control was a proximate cause of the collision in question.

The jury in other findings found that appellant did stall her automobile on the north side of the paved portion of the highway but that this was not negligence, that she did not fail to keep a proper lookout, that she did not fail to yield the right of way, that she was not negligent in failing to drive her car off the highway by use of a starter, that she was not negligent in failing to get out of her car and off the paved portion of the highway before the collision, and that she did not make a left turn into the path of appellee's automobile immediately prior to the collision. However, although acquitting appellant of negligence on the above matters, the jury, as heretofore related, con-

victed appellant of negligence in not keeping her automobile under proper control at the time of, and immediately prior to the collision in question and found that such failure was a proximate cause of the collision.

Appellant argues that all of the elements of "proper control" raised by the evidence were submitted in the specific issues, which were found in her favor, and that the answers of the jury to the general issue of proper control and proximate cause relating thereto should be disregarded by reason thereof under the two cases cited in her brief, viz., Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143, and Holly v. Bluebonnet Express Co., Tex.Civ.App., 275 S.W.2d 737, wr. ref., n. r. e.

Appellee in reply thereto in his brief states in part as follows:

"It is submitted that there was certainly evidence in this record of failure on the part of Appellant to have her automobile under proper control at the time of the accident and prior thereto.

"Appellant has particularly ignored two factors, not in any way included in any of the other issues, which Appellee relied upon in connection with failure to have proper control in both argument to the jury and to the trial court on the motions for judgment:

"(1) Under the record there is evidence that Appellant was proceeding too slowly to have sufficient control of her car to be able to get out of the way in time to avoid a collision.

"(2) She failed to put her car in neutral, or put the clutch in when it began to stall so that the momentum she already had would carry her safely off the highway, which would have only taken a few more feet.

"As declared in Casey v. Marshall [64 Ariz. 260], 169 P.2d 84:

"'* * * The operator of a motor vehicle is under a duty to keep his vehicle under control so as to avoid a collision with others using the highway. He may not allow his automobile to be in such a condition that he cannot properly control it in an emergency. Pearson & Dickerson Contractors v. He[a]rrington, 60 Ariz. 354, 137 P.2d 381.'

"See also Meyers v. Bradford [54 Cal. App. 157], 201 P. 471; Bennett v. Hall [132 Colo. 419], 290 P.2d 241; Crocker v. Johnston [43 N.M. 469], 95 P.2d 214, etc.

"2 Texas Jurisprudence Supplement, Automobiles, Sec. 161, states that:

"'Control of a vehicle signifies regulation of the speed of the car or truck, stopping it, and changing its course or direction of movement.'

"Regulation of speed, of course, would include keeping the speed high enough as well as low enough for safety.

"As declared in Szost v. Dykman [252 Mich. 151], 233 N.W. 203, by the Supreme Court of Michigan:

"'Speed may be unreasonably slow, as well as unreasonably fast.'

\* \* \* \* \* \*

"U. S. Highway 80 is a very heavily travelled highway, and, of course, would particularly be so on the day before Thanksgiving, when this accident happened:

"'Q. Well, Highway 80 almost any day along about that time is a heavily traveled highway, isn't it? A. Yes, as a general rule there is quite a bit of traffic.

"'Q. Quite a bit of traffic all the time out there by your house where this accident happened? A. Yes.

"'Q. Just cars passing both ways in great numbers almost every day, that is correct, isn't it? A. Yes, there is quite a bit of traffic.'

"In going across a busy highway at a place away from any intersection, it is ob-

vious that the slower one goes the longer one will be on the highway and exposed to the peril of the traffic using it. Appellant's own testimony shows that she went extremely slow in trying to cross the highway:

"'Q. How fast was the car going? A. Very slow.

"'Q. You remember in your deposition you said it was around five miles an hour. A. He asked me if I thought it was going that.

"'Q. What do you think now? A. It could have been doing that. I was going very slow.

"'Q. Going five miles an hour in low gear, didn't accelerate in a hurry, didn't do anything to it? A. No.'

"It is obvious that if Appellant had been going a little faster she would have gotten safely across.

"As declared in Brinegar v. Green [8 Cir.], 117 F.2d 316:

"'* * * The ability to increase or decrease speed and to change the course of the car to avoid a collision may properly be involved in the question of control.'

\* \* \* \* \* \*

"Of course, the ability to decrease speed is more often what is needed, but the ability to increase it is just as much a factor of control where the circumstances require it. Appellant here went too slow to get across safely, and had lost the ability to increase her speed or to turn aside.

"The accident occurred while Appellant's car was still extending cross-wise onto the highway:

"'Q. You were stopped on the highway? A. Partly.

"'Q. Anyway, you were blocking the highway on the north side? A. Yes, but there was—the lane behind me was open and that wide parking lot was behind that.

"'Q. The question to you was you were blocking the highway on the north side, is that correct? A. Well, the car was partly on the pavement on that side.

"'Q. You were blocking the highway, your vehicle was hit at the right front door, was it not? A. No, it was hit right back—

"'Q. Right back of it? A. I just had one door. It was just a one door—

"'Q. But your vehicle was hit—in other words, where the main force of that blow was hit, right there where the door comes to the body, is that not correct? A. Just right back of the door, just back.

"'Q. In other words, that vehicle that hit you was on the north side of the highway—of the stripe, is that correct, going westerly, that is correct? A. Right. But he had room to go around me.

"'Mr. Jones: Now, Your Honor, we move that that be stricken.

"'The Court: All right. I will sustain the objection, and ladies and gentlemen, you will not consider the remark of the witness for any purpose.

"'Q. (By Mr. Kelton) Mrs. Choate, as I understand it now, you were parked we will say, stopped, not parked—A. No, I wasn't parked.

"'Q. Stopped on the north shoulder of the highway? A. Right.

"'Q. And you were there for sufficient length of time for vehicles that had not been in sight, I said vehicles, to come from the west and pass back of you and get out of sight before Mr. Meredith was ever seen by you on down east of the cross-roads? A. That's right.'

"Since Appellant only had a few feet more to go to clear the highway, it is apparent that when the engine stopped, if she had shifted into neutral before losing momentum, she could have gotten safely off of the highway. To have shifted into neutral, or even to have put in the clutch be-

fore the momentum was lost, would have given her that much control over the course of the automobile, which would have been enough to prevent the accident. The jury may well have considered that she failed to have the car under proper control by failing to do so. This is specifically true since by Appellant's own testimony she saw Meredith approaching from a long way off:

" 'Q. Now, just before the collision on November 27th of '57, I believe you testified that you observed the car as it approached you, observed Mr. Meredith's car? A. I did. I saw him a long distance.

" 'Q. Is that not true, you looked back two or three different times at Meredith coming, that is correct, isn't it? A. I could see the steady beam of light coming.

" 'Q. You remember in your deposition, you looked back, looked down, looked back, remember that? A. I remember that man said that to me, I didn't say it.

" 'Q. You didn't say it? A. I don't think so.

" 'Q. Well, did you or not look back and forward? A. Yes.'

"Putting a car into gear or taking it out of gear both have an effect on control, and the failure to do either under the appropriate circumstances may constitute a failure to have proper control. Thus, in Dillon v. Winston-Salem [221 N.C. 512], 20 S.E.2d 845, it was held that a driver who, by pushing the clutch in and throwing his car out of gear and was allowing it to coast down a hill, did not have proper control and such conduct was negligence. See also * * * Cosse v. Henley [La.App.], 193 So. 206. The present case is just the converse, and here it was the failure to take the car out of gear which brought about a failure to have proper control. Different circumstances obviously require different conduct.

"Appellant's main reliance seems to be on the fact that the jury did not find her negligent with respect to the various other issues submitted aside from the proper control issues. In this connection, we should like to call attention to the case of Intges v. Dunn [Tex.Civ.App.], 311 S.W.2d 877, error ref'd, n. r. e. (1958), a recent Texas case in which it was held that the evidence supported a finding of failure to have proper control, even though it was also found that the lady in question was not driving at excessive speed and that she had the right-of-way, while the defendant failed to yield the right-of-way and failed to keep a proper lookout. The Court declared:

" 'In testing the sufficiency of this evidence to support the findings in response to Special Issue No. 17, that the Appellant failed to maintain proper control of her automobile, it must be borne in mind that it is our duty as a reviewing Court to consider the evidence in the light most favorable to the party obtaining the verdict and rejecting all evidence favorable to the other party.'

"It then held that tested by this rule the inference was warranted that there was a failure on the part of Appellant, the plaintiff below, to have her automobile under proper control, and that the jury was warranted in so concluding. The Court further pointed out that:

" 'It is the Trial Court's duty to reconcile the findings of the jury, if it can be done, and a judgment rendered on a verdict should be reversed only when the jury's findings are in absolute and hopeless conflict and cannot all be true.'

"On that basis it was then held that the findings that the plaintiff, Mrs. Intges, failed to maintain a proper control of her automobile and that such was a proximate cause of the collision were not in irreconcilable conflict with the findings in her favor as to other issues of contributory negligence.

"In another recent Texas case, Anderson v. Garza [Tex.Civ.App.], 311 S.W.2d 910, error ref'd, n. r. e. (1958), a finding of failure to maintain proper control was upheld despite the acquittal of the driver of other issues of negligence—driving around parked cars after realizing the road was partially blocked, failing to stop, and failing to keep a proper lookout. It was held that there was no conflict between the affirmative finding of failure to maintain proper control and the negative findings as to the other negligence issues, and that the Trial Court did not err in refusing to disregard the findings. The Court declared:

" 'The fact that Appellant was acquitted of other acts of negligence inquired about but was convicted of a failure to maintain proper control of his truck does not present the question of conflict in the jury's findings.'

"Excessive speed can and frequently does enter into failure to have control, but it is equally true that under other circumstances too slow a speed can give rise to a failure to have sufficient control, as in the present case. Coasting down a hill in neutral can enter into a failure to have control, and, likewise, failing to put the car in neutral or take it out of gear may give rise to a failure to have control, under circumstances like those in the present case.

"In the present case, there are two constituent elements of the failure to have proper control which are not covered in any way by any of the other issues, that Appellant was proceeding too slowly to have sufficient control of her car to be able to get it out of the way safely, and that she failed to put the car in neutral or take it out of gear in order to conserve the momentum she already had sufficiently to carry the car safely off the highway. Moreover, the mere fact that the jury answered other issues as to the Appellant's negligence in her favor would not mean that there was no evidence along such lines which could also enter into the proper control issues. If the only possible elements were those that were also covered by the other issues, then there would merely be a conflict in the findings, and Appellant still would not be entitled to judgment in her favor, as neither set of conflicting findings would be entitled to preference over the other. However, we feel that there is no inescapable conflict here, since the evidence raises factors of failure to have proper control which are not included in any of the other issues."

We have carefully reviewed the record in this cause and are of the opinion that the above quoted portions of appellee's brief are well taken and correct under the record in this case. We also think the two cases cited by appellant in her brief are clearly distinguishable from the facts in this case.

We think appellant's point is without merit under the record in this cause and said point is overruled.

The judgment of the trial court is affirmed.