No. 20,110.

UNION PACIFIC RAILROAD COMPANY *v.*
DARLENE LARSON, ET AL.
(386 P. [2d] 583)

Decided October 28, 1963.    Rehearing denied November 26, 1963.

Mr. E. G. KNOWLES, Mr. CLAYTON D. KNOWLES, for plaintiff in error.

Mr. ISAAC MELLMAN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS action involves an automobile-freight train collision and the allegedly wrongful death of the auto-

mobile driver. Though both the train engineer and his employer, the Union Pacific Railroad Company, were named as defendants by the two minor plaintiffs, the jury returned a verdict for $16,666.00 in favor of plaintiffs against the railroad company only. It seeks relief by writ of error alleging six grounds for reversal, only one of which we need consider. It is: That there was contributory negligence on the part of the deceased driver.

The record discloses that on January 20, 1960, at 7:15 p.m. Franklin J. Larson, the decedent, was driving his automobile westerly along 56th Avenue in Commerce Town, north of Denver. This is an avenue traversing both open fields and industrial plant development. As he approached a double north-south railroad track at 30 to 35 m.p.h., a Union Pacific freight train was also approaching it from the south at a speed of 20 to 25 m.p.h. with its headlight burning and its whistle blowing. Even though the train was visible across an open field to the southwest for over one-tenth of a mile the deceased drove his vehicle directly in front of it, resulting in his death.

The crossing was marked with two crossbuck signs about 20 feet from the rails which signs were visible at night at a point two hundred yards east of the tracks. 56th Avenue, at the place involved, is a straight, level, 25-foot-wide blacktopped road and had a few icy spots on it at the time in question. The weather was clear. Some lights on nearby industrial plants as well as a nearby street light gave some illumination to the area. Both the train and the automobile were within the legal speed limits.

Testimony disclosed that the engineer had seen the decedent's car approaching the tracks and thought it would stop, but it did not and he stopped the train as quickly as possible after the collision had occurred.

Assuming, arguendo, there was sufficient evidence to establish negligence on the part of the railroad,

356

nevertheless, here the driver cannot recover due to his own negligence; for we have a case where decedent, with ample opportunity to observe an oncoming train, either failed to look, or having looked, failed to see the imminent danger. His negligence was a proximate cause of the accident. See: *Chicago R.I. & P. Ry. v. Crisman,* 19 Colo. 30, 34 Pac. 286 (1893); *Westerkamp v. Chicago B. & Q. Ry.,* 41 Colo. 290, 92 Pac. 687 (1907); *Headley v. Denver & R.G. R.R.,* 60 Colo. 500, 505, 154 Pac. 731 (1916); *Werner v. Schrader,* 127 Colo. 523, 258 P. (2d) 766 (1953); *Buchholz v. Union Pac. R.R.,* 135 Colo. 331, 311 P. (2d) 717 (1957).

■ No recovery can be predicated on the state of facts disclosed showing such negligence on the part of the decedent and the trial court should have granted the railroad's motion for a directed verdict. *Werner v. Schrader,* supra; *Bennett v. Hall,* 132 Colo. 419, 425, 290 P. (2d) 241 (1955).

The judgment is reversed with directions to dismiss the complaint.

Mr. Chief Justice Frantz and Mr. Justice Hall concur.