**John GUTIERREZ and Beatrice Gutierrez, Appellants,**

**v.**

**UNION PACIFIC RAILROAD COM-PANY, Appellee.**

**No. 8537.**

United States Court of Appeals Tenth Circuit.

Dec. 5, 1966.

Donald L. Dill, Denver, Colo. (John S. Carroll, Denver, Colo., was with him on the brief), for appellants.

Edward G. Knowles, Denver, Colo. (Clayton D. Knowles, Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS and HICKEY, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

This is a diversity action brought by the appellants, John Gutierrez and Beatrice Gutierrez, against the Union Pacific Railroad Company, seeking damages for

the wrongful death of their minor son, William Michael Gutierrez, as a result of a collision between the pickup truck he was driving and the train of the Union Pacific Railroad Company.

The collision occurred at an intersection of a paved county road and the railroad tracks at about 9:45 A. M. on March 5, 1964, approximately one quarter mile south of Fort Lupton, Colorado.

The appellee's train was going south at a speed of between 75 and 80 miles per hour. The pickup truck being driven by the appellants' decedent approached from the east at a speed of approximately 35 miles per hour. Skid marks of about 37 feet in length were left by the pickup truck extending to the point of impact.

The testimony and photographic exhibits show that in approaching the railroad tracks from the east for a distance of several hundred yards there is a clear and unobstructed view of the railroad tracks across an open field. This field lies north of the road and east of the railroad, and is about one-half mile in length from north to south. At the time of the accident the weather was clear. The decedent lived in the vicinity, was familiar with the crossing and had traversed it numerous times, in both directions.

The pickup truck being driven by the decedent was owned by his mother, the appellant Beatrice Gutierrez, and was used as a family purpose vehicle.

At the close of all the evidence the trial court granted appellee's motion for a directed verdict, finding contributory negligence as a matter of law on the part of William Michael Gutierrez, and that this contributory negligence was imputed to the appellants under the family purpose doctrine.

While other points are raised, the principal issue for consideration is the finding of contributory negligence as a matter of law. Appellants contend that the court's action in directing a verdict deprived them of a jury trial.

 The right to a jury trial in federal court is a matter of federal law in a diversity action and this principle applies to the treatment to be given a motion for a directed verdict. Christopherson v. Humphrey, 10 Cir., 366 F.2d 323, Sept. 15, 1966. A verdict may not be directed unless the evidence points all one way and is susceptible of no reasonable inferences which sustain the position of the party against whom the motion is made. Christopherson v. Humphrey, supra, Peter Kiewit Sons Company v. Clayton, 10 Cir., 366 F.2d 551.

 On the other hand, it is well established that in a proper case the court should direct a verdict where the evidence is without dispute, or is conflicting but of such conclusive character that if a verdict were returned for one party the exercise of sound judicial discretion would require that it be set aside. Meeker v. Rizley, 10 Cir., 346 F.2d 521, Chicago, Rock Island and Pacific Railroad Company v. McFarlin, 10 Cir., 336 F.2d 1.

The appellants' decedent was approaching the open crossing at a speed of from 35 to 40 miles per hour and the train was approaching from the north at a speed of from 75 to 80 miles per hour. The train must have been in plain view of the decedent when he was still several hundred yards away from the crossing.

 Under the law of Colorado where a driver has ample opportunity to observe an oncoming train and either fails to look, or having looked fails to see the imminent danger, he is negligent. Union Pacific v. Larson, 153 Colo. 354, 386 P. 2d 583; Lee v. Missouri Pacific, 152 Colo. 179, 381 P.2d 35.

 Reasonable men could reach no other conclusion but that the driver had ample opportunity to observe and either failed to look, or having looked failed to see the imminent danger. Assuming negligence on the part of the railroad, plaintiffs' decedent was contributorily negligent as a matter of law in attempting to cross in front of the approaching train.

The trial court was correct in directing a verdict.

Affirmed.