No. 21837.

ANNA MAE WHITE *v.* ANDREW FRANK SHAWCROFT
(422 P.2d 48)

Decided January 9, 1967

JOHN IRA GREEN, CHARLES R. CORLETT, for plaintiff in error.

SMITH and SMITH, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

ANNA MAE WHITE, plaintiff in error, brought an action against Andrew Shawcroft for damages allegedly sustained by her as a result of an automobile accident which occurred on September 20, 1963. Following her evidence at the trial, the court granted defendant's motion to dismiss holding that the plaintiff was guilty of contributory negligence as a matter of law. By writ of error plaintiff now seeks reversal on the ground that it was error to take the question of contributory negligence from the jury.

The accident in question occurred in Conejos County on U.S. Highway 285 shortly before 8:00 a.m. on a slightly wet highway located on flat terrain. This is a 24 foot wide paved, two-lane through highway running north and south with a posted speed limit of 70 miles per hour. It has a 10 foot shoulder and a 4 foot skirt on either side. At the place of the accident a graveled county road enters from the east and a private road enters, opposite this, from the west. Immediately north of these two east-west roads there is a 48 foot wide drainage ditch which runs east and west under the highway.

The evidence discloses that plaintiff was proceeding north on Highway 285 at a speed of 65 to 70 miles per hour when defendant approached in his loaded truck from the east. He stopped at the stop sign and then drove his vehicle left into plaintiff's lane. Plaintiff testified that she saw defendant stop, and when she was about 900 feet from the intersection, he started his truck and turned it into her lane. When she discovered he was not moving it over into his own southbound

lane, she applied her brakes putting down 200 feet of skidmarks which began at a point 150 feet south of the intersection. She then swerved to the left to avoid a head-on collision and her car skidded into the afore-mentioned drainage ditch demolishing the car and injuring her. H. A. Dewey, driving a vehicle south on Highway 285, was seen by defendant before the latter entered the main roadway, but Shawcroft did not see Mrs. White until she was 900 feet away and after he had made his turn. Dewey testified that defendant was 2 or 3 feet east of the center line when plaintiff drove to defendant's left. It appears that the defendant was a 79 year old farmer who had a restriction on his driver's license requiring him to wear glasses, and that he was driving without them that day.

Defendant urges that the facts in this case place it squarely within the holding of *Bennett v. Hall*, 132 Colo. 419, 290 P.2d 241 (1955), and the trial court so held here.

In *Kendall Transportation Co. v. Jungck*, 136 Colo. 339, 316 P.2d 1052 (1957), we strictly limited the scope of the *Bennett* case. Under the facts herein, it has no application whatsoever.

██ In the instant case the trial court granted defendant's motion to dismiss after the plaintiff had rested. In the state of the record, as made, plaintiff was not guilty of contributory negligence as a matter of law, and the court should have proceeded to hear any evidence the defendant had to offer. Whether any jury questions then remained could only be determined after defendant had an opportunity to present his case.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE MCWILLIAMS not participating.