Opinion by
Mr. Justice Pringle.
Plaintiffs in error sued the defendants in error for damages arising out of the alleged wrongful death of their husband and father, Ralph Leroy Roach. The deceased was killed when the automobile which he was driving was struck by an engine belonging to the Union Pacific Railroad Company while being operated by one of its employees. The parties will be referred to as they appeared in the trial court, or by name.
The complaint alleged negligence on the part of the defendants. The answer denied negligence and alleged contributory negligence on the part of the deceased and the reply by the plaintiffs set up the allegation of “last clear chance” on the part of the defendants.
The case proceeded to trial, and at the end of the plaintiffs’ opening statement to the jury, the trial court granted defendants’ motion for dismissal.
The defendants’ position is that if the plaintiffs proved all that they said they were going to prove in their opening statement, then the deceased was guilty of contributory negligence as a matter of law, and so the trial court properly dismissed the action.
This Court has several times laid down the principle that controversies should rarely, if ever, be determined on the basis of an opening statement by counsel. In Valley Realty & Investment Co. v. McMillan, 160 Colo. 109, 414 P.2d 486, we said:
“* * * Disposing of a legal controversy on the basis of an opening statement has long been regarded as a very risky procedure, at best. Attention is directed to our prior pronouncements to the effect that such a motion should be ‘considered with extreme caution,’ as the dismissal of an action on the basis of an opening statement is an exceedingly ‘unsafe’ method of resolving a lawsuit.”
Even more pointed was our statement in Rock *544 River Investment Co. v. Mountain Finance Corp., 94 Colo. 539, 31 P.2d 914, where we stated that “* * * a motion for a directed verdict, or as here, a directed judgment, based on the opening statement alone should not be granted, unless exceptional circumstances, not present in this record, imperatively require it. * * *” (Emphasis added.)
To meet the test of the Rock River case, defendants rely on Union Pacific R.R. Co. v. Larson, 153 Colo. 354, 386 P.2d 583. Such reliance, however, is misplaced. The striking difference between this case and Larson is that in Larson the plaintiff had completed his presentation of proof, while here the plaintiff was not permitted to attempt to prove the allegations of the complaint. Moreover, in Larson there was no claim that the doctrine of last clear chance applied — as is clearly alleged in the instant case.
In the opening statement, plaintiffs’ counsel indicated, inter alia, that the evidence would show that the engineer saw the deceased’s car approaching the crossing, that the engineer had an opportunity to stop the engine and so avoid the collision, and that he failed to do so.
It is true that in the opening statement counsel pointed out that he would prove that the engineer saw the deceased in time to take preventive action. From this statement, apparently the court concluded that as a matter of law the deceased also had time to take preventive action. Such a conclusion reached at this stage of the trial was improper. Evidence might have been introduced of the allegedly dangerous character of the crossing, or of a particular situation which resulted in the accident which gave rise to a question of fact for the jury as to whether the deceased should, in the exercise of ordinary care, have seen the locomotive. Until evidence had been presented, the court had no firm foundation upon which to make a determination of contributory negligence as a matter of law. Interstate Motor Lines, Inc. v. Great Western Ry. Co., 161 F.2d 968.
*545 Moreover, assuming, arguendo, that deceased was guilty of contributory negligence in failing to use proper care, as defendants allege, nevertheless, plaintiffs sufficiently alleged that the engineer had a last clear chance to avoid the collision and that he failed to do so. Plaintiffs might not be able to prove this allegation, but they were entitled to the opportunity to try.
The judgment is reversed and the cause remanded with directions that the trial court vacate its judgment of dismissal and proceed to trial consistent with the views herein expressed.
Me. Chief Justice Moore, Mr. Justice Sutton, Mr. Justice Kelley concur.