McGregor–Doniger, Inc., Petitioner, *v.* Superior Court of Puerto Rico, San Juan Part, Armindo Cadilla Ginorio, Judge, Respondent; Ricardo Cruz, Jr., Intervener.

No. O-69-159.      Decided March 17, 1970.

*Fiddler, González & Rodríguez* and *Francisco R. De Jesús* for petitioner. *Otero Suro & Otero Suro* and *Rodrigo Otero Bigles* for intervener Ricardo Cruz, Jr.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

We must determine in this case whether upon termination, by petitioner, of a contract signed in 1959 by petitioner and intervener by virtue of which the latter agreed to promote and sell in Puerto Rico petitioner's products for a compensation of a 4% commission on the net shipments, the arbitration clause in said agreement concerning any controversy in relation to the noncompliance thereof should be applied, or whether the rights of the parties should be determined exclusively pursuant to the provisions of Act No. 75 approved by the Legislature of Puerto Rico on June 24, 1964 (10 L.P.R.A. §§ 278 and 278a to 278d).

It was alleged in the complaint of this case that (1) the parties executed, effective January 1, 1959, an employment contract by virtue of which the intervener agreed, among other things, to engage himself in the promotion and sale of petitioner's products in Puerto Rico; to accept a 4% commission on the net shipments for his services; and to assume the entire responsibility for the distribution of the merchandise in Puerto Rico. It was agreed that the contract would termi-

nate on December 31, 1959 or prior thereto upon written notice by registered mail by one of the parties to the other 30 days in advance; however, if upon expiration of the contract the "Employee" continued rendering his services, the terms of the contract would apply to such continued employment; (2) that the contract is governed by the laws of the State of New York and that "any controversy or claim arising out of or relating to this contract, or the breach thereof . . . shall be settled by arbitration in New York City, in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered may be entered in any Court having jurisdiction thereof"; (3) said contract was terminated by defendant, effective January 7, 1967, without any just cause or reason whatsoever; the letter to that effect gives the following reason: "due to changes now being made in our sales representation throughout the world . . ." that "It is regrettable that our efforts during the past season have not generated the volume of sales that we mutually would have liked. However, we do appreciate the interest that you have always shown in McGregor"; (4) that the intervener increased the sales of petitioner's products from $75,000 before the contract to $192,000 in 1965; that they decreased to $130,000 in 1966 for failure to serve considerable orders placed by a client; (5) that petitioner refuses to satisfy to intervener commissions on sales corresponding to 1967 and for the termination of the contract as provided by Act No. 75 approved on June 24, 1964 for which petitioner owes him $43,365.60.

Petitioner denied (1) that the intervener was the exclusive representative and agent for the territory of Puerto Rico under the said contract; (2) that the intervener complied diligently with all his obligations; (3) that the contract was terminated without any just cause or motive whatsoever; (4) that intervener had increased the sales in the alleged amounts and (5) the claim in issue. As special defenses petitioner alleged that (a) the intervener bound himself to act as em-

ployee and therefore he cannot resort to the aforementioned Act No. 75 approved for the protection of dealers and not of employees of manufacturing enterprises; (b) the parties agreed to submit to arbitration any controversy which might arise under the contract; and (c) the contractual relations of the parties must be governed by the laws of New York as stipulated in the contract; and (d) Act No. 75 is unconstitutional as well as its application to this case.

A motion to stay the proceedings until the arbitration agreed upon by the parties was resorted to, having been filed, to which intervener objected because the action is based on a violation of the provisions of Act No. 75 and because holding arbitration proceedings in New York would be exceedingly onerous for intervener, the trial court ruled that Act No. 376 of May 8, 1951 (32 L.P.R.A. § 3201) governs commercial arbitration proceedings in Puerto Rico; that said law does not grant authority to the court to order that arbitration proceedings be had outside this jurisdiction; that since the court cannot "order that arbitration proceedings be had in the State of New York, it would be unfair to stay the proceedings in this case." On reconsideration the trial court reaffirmed its refusal to stay the proceedings for the purpose of submitting the controversy between the parties to arbitration in view of the public policy underlying the aforementioned Act No. 75 and that many state courts have refused to order that arbitration be had in a jurisdiction other than that of the forum under the theory that a sovereign shall not order his citizens to appear before another sovereign to arbitrate his disputes.

Petitioner assigns that the trial court erred in deciding that in view of the fact that the aforesaid Act No. 376 does not empower the court to order that arbitration be had in New York, it would be unfair to stay the proceedings in this case.

In support of this assignment petitioner argues that in *Hilti, Inc. v. Oldach*, 392 F.2d 368 (1st Cir. 1967), the court

decided that it was proper to stay the proceedings in an action filed in the United States District Court for the District of Puerto Rico alleging the termination of a dealer's contract in violation of Act No. 75, *supra*, pending resolution by arbitration in the State of Connecticut as stipulated in the agreement; that the power of the courts to stay the proceedings pending resolution by arbitration is not predicated in the judicial authority to compel to arbitration in another jurisdiction; that the arbitration act which governs the controversy is the federal arbitration act since this is a transaction involving interstate commerce (9 U.S.C.A. §§ 1 and 2); that in the event that the federal arbitration act does not apply, that of the State of New York does apply since it was the one agreed upon by the parties; that the present doctrines are to the effect that the state courts as well as the federal courts are empowered to stay the proceedings until the parties proceed to arbitration in the forum agreed upon; that the argument that the latter would defeat the public policy was repealed in *Hilti, Inc., supra.*

Intervener maintains that (1) this action does not arise from the interpretation of the contract in issue but from its termination without just cause in violation of the provisions of Act No. 75, *supra;* (2) the contractual relationship between the parties ceased by petitioner's action and, therefore, "Act No. 75 of 1964 as amended, is immediately operative in full force"; (3) we are not bound by the decisions of the federal courts since it is incumbent upon the Commonwealth courts to construe and give the necessary scope to the local law controlling the case; (4) neither the federal arbitration act nor that of Puerto Rico binds a court to order that arbitration be had outside its jurisdiction; (5) petitioner answered the complaint, took depositions to intervener, took advantage of the method of discovery of evidence, and obtained leave of the court to allege an additional defense for which reason it waived the right to arbitration; that holding arbitration pro-

ceedings in New York is extremely onerous for intervener.

Petitioner argues that its action in this case cannot be interpreted as a waiver to its right to require arbitration as agreed upon; it indicates that according to *Hilti, Inc., supra,* the courts have been reluctant to acknowledge a waiver to arbitration.

■ 1.—At the threshold we must decide whether petitioner waived its right to arbitration. We conclude it did not. The burden to establish such waiver is on intervener. There is a vigorous policy favoring arbitration and a marked reluctance of the courts to conclude that the right to arbitration has been waived. *Hilti, Inc., supra.* All doubts are to be resolved in favor of arbitration. *Galt* v. *Libbey Owens Ford Glass Co.,* 376 F.2d 711 (7th Cir. 1967).

■ It is alleged that the answer to the complaint, the allegation of special defenses, and the taking of depositions are inconsistent with the right to arbitration and, therefore, such actions of active participation in the litigation constitute a waiver of the right to arbitration.

This case is distinguished from that of *Cornell & Company* v. *Barber & Ron Company,* 360 F.2d 512 (D.C. Cir. 1966), in that in the latter arbitration was not invoked in the answer and furthermore multiple actions of active participation in the litigation inconsistent with the right to arbitration were performed. *Gahon Iron Works & Mfg. Co.* v. *J. D. Adam Co.,* 128 F.2d 411 (7th Cir. 1942) is not applicable since it decided that plaintiff had waived the right to arbitration upon commencement of the suit in court.

Petitioner's actions did not constitute a waiver to its right to arbitration since in its first allegation in the case it invoked such right and moved for the stay of the proceedings pending resolution by arbitration in accordance with the terms of the contract. Its subsequent actions were limited and not inconsistent with its initial position insisting on arbitration. *Hilti, Inc., supra; Robert Lawrence Co.* v. *Devonshire Fab-*

*rics, Inc.,* 271 F.2d 402, 412 (2d Cir. 1959) ; *Almacenes Fernández, S.A.* v. *Golodeltz,* 148 F.2d 625, 627 (2d Cir. 1945).

■ 2.—Since the contract in question involves a transaction in interstate commerce, its provision with respect to arbitration is governed by the federal arbitration act. Said federal act authorizes the stay of proceedings in order that arbitration be had in accordance with the terms of the agreement (9 U.S.C.A. § 3), *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co.,* 388 U.S. 395 (1966). The arbitration act of Puerto Rico contains a disposition almost identical with the latter (32 L.P.R.A. § 3203).

■ 3.—The fact that arbitration has been agreed upon in another forum is no bar to stay the proceedings in a suit until arbitration has been had on the questions in controversy in accordance with a stipulation on arbitration previously agreed upon by the parties. *Hilti, Inc., supra; Gutiérrez* v. *Union Pacific Railroad,* 372 F.2d 121 (10th Cir. 1966) ; *Armtorg Trading Corp.* v. *Camden Fiber Mills,* 109 N.E.2d 606 (N.Y. 1952) ; *Shanferoke Coal & Supply Corp.* v. *Westchester S. Corp.,* 70 F.2d 297 (2d Cir. 1934).

From the allegations it is apparent that the termination of the contract in this case "due to changes now being made in our sales representation throughout the world . . ." is just cause for its termination since the contract stipulated that the latter could be terminated by a written notice given 30 days in advance. But it is also clear that such cause or reason is not the "just cause" which permits the termination of a dealer's contract pursuant to the provisions of Act No. 75, *supra.*[1]

---

[1] Section 1 of Act No. 75 defines just cause as nonperformance of any of the essential obligations of the dealer's contract, on the part of the dealer, or any action or omission on his part that adversely and substantially affects the interests of the principal or grantor in promoting the marketing or distribution of the merchandise or service.

However, pursuant to the federal arbitration act it is proper to stay the proceedings in this case, until (1) the nature and effectiveness of the contract in question; (2) the relationship between the parties under such contract; (3) whether there was just cause pursuant to Act No. 75, *supra*, to terminate it; (4) whether the commissions alleged in the 4th averment of the complaint are owed; (5) any other controversy which may have arisen and is pending between the parties under said agreement, are determined by arbitration in accordance with the terms of the contract.

However, it must be understood, that after said arbitration has been had, the proceedings in this case may continue in a form and manner not inconsistent with the arbitration award, provided the applicability of Act No. 75 to the contract in question, as well as its constitutionality, is passed upon first.

Therefore, the orders of the Superior Court, San Juan Part, of October 2, 1968 and June 24, 1969 shall be reversed and the stay of the proceedings in this case ordered until arbitration has been had in accordance with the terms of the contract in question.

Mr. Chief Justice and Mr. Justice Hernández Matos did not participate herein. Mr. Justice Santana Becerra and Mr. Justice Dávila concur in the result without opinion.