## No. 17,843.

MADELINE RIDENOUR, ET AL. *v.* GERALD L. DIFFEE.
(297 P. [2d] 280)

Decided May 14, 1956.   Rehearing denied June 4, 1956.

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for plaintiffs in error.

Messrs. Yegge, Bates, Hall & Shulenburg, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This is an action in tort for damages.

The parties appeared in the trial court in the same order they appear here and we will refer to the plaintiffs in error as plaintiffs or by name and to defendant in error as defendant.

Plaintiffs sought damages for personal injuries resulting from an automobile-pedestrian accident which occurred September 13, 1953. Plaintiffs were pedestrians lawfully crossing a public highway at the intersection of Broadway and First Avenue in Denver, Colorado, proceeding from west to east in the legal cross walk on the south side of the intersection with the green light in their favor. They had reached a point five feet west of the center of the street when struck down. Defendant, driving an automobile in a westerly direction with the green light in his favor at this intersection, made a left turn to the south and struck the two plaintiffs. At the time the accident occurred, about 12:30 a.m., the street

intersection was well lighted. The defendant claimed that his line of vision was blocked by the front left corner post of his car and that he did not see the plaintiffs until he was twelve feet or less from them. He testified that he looked in both directions to see if there were any *cars* coming. There was uncontradicted testimony that plaintiff Ridenour had looked to see that there was no traffic to prevent their crossing when they stepped from the curb after having waited for the light to change. Plaintiff Wiese in response to a question as to whether she had looked for traffic when she started across the street with Mrs. Ridenour stated:

"A. Well, before she asked me that I saw a car coming from the south going north, and the reason I remember that is because he was going real fast when he stepped on his brakes. When he stepped on his brakes he kind of rocked. Q. Well, that was a different car from the one with which you had the accident. A. Yes; but other than that, whether I looked one way or not, I couldn't tell you. Q. You don't know whether you glanced toward the north? A. I know when she asked me for that restaurant I looked up there to see if there was one."

The above testimony of plaintiff Wiese is the only fragment of the record that suggests any want of reasonable care on the part of either plaintiff. She looked and saw only the one car going north. Her later comments indicated that she couldn't say she had been looking for more traffic. One of the two plaintiffs did not see the defendant's automobile until a brief moment before the impact; the other did not see it at all. The defendant testified that he was going between ten and fifteen miles per hour when he entered the intersection and that the light had changed to green when he was at the alley east of Broadway. A witness for defendant, Police Officer Radovich, testified that defendant's turn into Broadway "* * * would have been a legal left turn had he not struck the pedestrian."

By their amended complaint plaintiff Ridenour alleged

personal injuries and claimed $35,000.00 damages and plaintiff Wiese alleged personal injuries and claimed $15,000.00 damages. Defendant's answer denies any negligence on his part, denies that his acts were the proximate cause of the damages complained of and affirmatively pleads that the occurrence was an unavoidable accident and that the plaintiffs were guilty of contributory negligence. Defendant also denies the extent of injuries and damages claimed by plaintiffs.

·At the completion of the trial both the plaintiffs and the defendant moved for a directed verdict and both motions were overruled.

Trial was to a jury which returned a verdict for the defendant. After the case was submitted, the jury asked for certain information which the court gave without counsel being present, although attempts were made to contact plaintiffs' counsel; defendant's counsel was contacted by telephone. Plaintiffs' motion for new trial was overruled and they bring the case here for review on writ of error.

Plaintiffs urge as error that the trial court erred in overruling their motion for a directed verdict on the question of liability in favor of the plaintiffs. They also urge as error other points relating to the refusal to give an instruction which stated it is negligence per se to violate an ordinance whenever such violation proximately results in an injury; in the giving of other instructions relating to contributory negligence, acts in emergencies and unavoidable accident; and in the court's response to the jury's inquiry.

It is only necessary for us to determine the first question presented which is: *Should plaintiff's motion for a directed verdict on the question of liability have been granted?* This question is answered in the affirmative.

■ The record shows no conflict in the evidence relating to the accident itself. The plaintiffs had lawfully and properly entered upon the street crossing; they had observed the street to see it was clear before starting;

and one of them had seen defendant's car just before it hit them; the other had not seen it at all. It is obvious they didn't see defendant's vehicle when they lawfully started to cross the street because it was not yet in the intersection. Defendant had entered the intersection with the idea of making a left turn and was bound to anticipate the presence of pedestrians on the crosswalk. It is no excuse for defendant to say that his vision was obscured by part of his vehicle. *C. & S. Ry. Co. v. Barth,* 117 Colo. 17, 183 P. (2d) 549. Defendant testified that after he had looked to the right and left and saw no *cars* that "I found my eyes straight ahead and continued driving." Clearly defendant either did not look or did not see what was in plain sight. He had a duty to watch for pedestrians under the circumstances shown and failed to do so as his own testimony clearly established, had he done so he would have seen plaintiffs in time to avoid the accident. *Sherry v. Jones,* 133 Colo. 160, 292 P. (2d) 746.

The Denver ordinance (Sec. 505.5-161) provides that a vehicle turning in an intersection shall yield the right-of-way to pedestrians lawfully within the intersection. In *Werner v. Schrader,* 127 Colo. 523, 258 P. (2d) 766, it was said:

"The failure of a driver to maintain a proper lookout and to see what he could and should have seen on approaching or traversing a street intersection, may constitute negligence as a matter of law."

Defendant should have kept a vigilant watch for both cars and pedestrians and stopped if necessary to avoid the accident. *Kracaw v. Micheletti et al.,* 85 Colo. 384, 276 Pac. 323. In the absence of any conflict in the testimony as to this defendant's negligence, the determination of the proximate cause of the accident was for the court. *Patch et al. v. Boman,* 127 Colo. 424, 257 P. (2d) 418. Though the facts were different, this Court has said concerning violation of highway use statutes and ordinances:

"Violation of a statute or ordinance regulating the use of highways is negligence, as a matter of law and if it is a proximate cause of an accident such negligent person cannot recover damages unless the doctrine of last clear chance is applicable." *Ankeny v. Talbot,* 126 Colo. 313 at 320, 250 P. (2d) 1019.

■ Defendant's negligence under the facts here presented was clearly the proximate cause of the plaintiffs' injuries and as such it became a question of law for the court. In *Headley v. D. & R. G. RR. Co.,* 60 Colo. 500, 154 Pac. 731, the Court said:

"As the standard of duty in such cases is dependent upon the particular facts and circumstances of each, the question whether contributory negligence has been proven in a given case, is usually one for the jury. Nevertheless such question, in a particular case, may become one of law and thus come within the province of the court, so that a particular verdict may and should be directed. Where the facts are such that reasonable men of fair intelligence may draw different conclusions the question of contributory negligence must be submitted to the jury, for the finding is then of fact. But if it is clear that only one reasonable inference can be drawn from the facts, and the course which prudence dictates be definitely discerned, the finding thereon is of law, not of fact, and it devolves upon the court to settle the matter."

■■ Pedestrians lawfully crossing a public intersection with the green light in their favor have the right to believe that motorists will proceed with due regard for their safety and will not violate the traffic laws and ordinances. Here defendant's negligence arose before he saw the plaintiffs due to the way he entered and continued in the intersection without regard for the rights of others. That he stopped as quickly as possible after striking plaintiffs, thereby saving them from more serious injury or even death, does not excuse his prior failure to exercise due and reasonable care. Independent

of any ordinance or statute, it was negligence as a matter of law for defendant to drive his automobile into a street intersection at night in such manner that he could not stop within the distance objects were visible ahead. The case of *Nickoleropaulus v. Ramsey*, 61 Utah 465, 214 Pac. 304, although the facts were somewhat different, announces the rule which we approve and which we think applicable here.

Since the facts here were not in dispute and since, as we have held, defendant's negligence was the proximate cause of this accident and the resulting injuries, and there being no contributory negligence shown on the part of the plaintiffs, the only question left for the jury was to determine damages. The trial court should have granted the motion for a directed verdict on the question of liability and instructed the jury to determine the damages, if any, proved by plaintiffs.

The judgment is reversed and the cause remanded with directions to grant a new trial upon the question of damages only.

MR. JUSTICE CLARK not participating.