**Maxine BRYANT, Appellant,**

v.

**James C. MATHIS and Ray J. Radliff,
Appellees.**

**No. 15417.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 18, 1960.

Decided March 24, 1960.

Mr. Harry L. Ryan, Jr., Washington, D. C., for appellant.

Mr. Robert M. Gray, Washington, D. C., argued for both appellees.

---

Messrs. Thomas S. Jackson and John W. Jackson, Washington, D. C., were on the brief for appellee Mathis.

Messrs. Lawrence E. Carr, Jr., and Michael F. X. Dolan, Washington, D. C., were on the brief for appellee Ratliff.

Before Mr. Justice BURTON, retired,[*] and BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Appellant was one of four passengers injured in a two-car collision. Upon a consolidated trial, the jury found both drivers negligent, and awarded the four passenger-plaintiffs individual judgments totaling $41,425. Appellant's recovery was $4,250. Believing this amount insufficient, she moved for a new trial and appeals from the denial thereof.

Her sole contention is that the verdict is inadequate as a matter of law because it did not reimburse her for all her special damages. Her medical expenses, as shown by bills and receipts received in evidence, totaled $3,367.32. Oral testimony showed an additional $40 of expense, making the total $3,407.32. The jury's verdict thus exceeded her medical expenses by almost $850. But appellant testified that she earned "roughly twelve thousand dollars a year" and was away from work "approximately four and one-half months," and thus claims she was entitled, as special damages, to $4,500 above her medical expenses. Although this testimony was uncontradicted, appellees did not concede either liability or the amount of damages.

█ Courts are understandably reluctant to overturn jury verdicts on the grounds that they are inadequate or excessive. Fairmount Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 53 S. Ct. 252, 77 L.Ed. 439; Frasca v. Howell, 1950, 87 U.S.App.D.C. 52, 182 F.2d 703. This is especially true of appellate courts, for motions for new trial are committed to the trial court's discretion. Ibid. Cf. Miller v. Maryland Casualty Co., 2 Cir., 1930, 40 F.2d 463, 465. Although the

jury's verdict in this case creates some "wonderment," Rankin v. Shayne Brothers, Inc., 1956, 98 U.S.App.D.C. 214, 215, 234 F.2d 35, 36, we cannot say that it was so arbitrary that it must be reversed as a matter of law.

██ Conceivably, the jury believed that appellant had been paid during her absence from work, and thus did not allow recovery for lost earnings. Although she was entitled to an instruction that lost wages are recoverable notwithstanding compensation from a collateral source, Geffen v. Winer, 1957, 100 U.S. App.D.C. 286, 244 F.2d 375; cf. Hudson v. Lazarus, 1954, 95 U.S.App.D.C. 16, 217 F.2d 344, she requested no such instruction and none was given. On this state of the record, we cannot say that the trial court abused its discretion in denying appellant's motion for a new trial. On the authority of Rankin v. Shayne Brothers, Inc., supra, we affirm.