No. 20983.

COMMERCIAL CARRIERS, INC., ET AL. *v.* DRISCOLL
TRUCK LINES, INC.
(408 P.2d 445)

Decided December 13, 1965.

WOOD, RIS & HAMES, THOMAS T. CRUMPACKER, for plaintiffs in error.

DUANE O. LITTELL, JOSEPH R. QUINN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THIS litigation stems from a collision between two trucks which occurred on U. S. Highway No. 6 near Hillrose, Colorado. One tractor-trailer unit was owned by Driscoll Truck Lines, Inc., and it was being driven by one Dodge. The other tractor-trailer unit was owned by Commercial Carriers, Inc., and its driver was one Thurston.

The accident occurred at about 9 o'clock on a winter's morning at a time when it was drizzling and the roadway was becoming icy. Thurston was driving Commercial's vehicle in a westerly direction on U. S. Highway No. 6. About four miles east of Hillrose the highway forms an "S" shape curve, and while traversing this portion of the road Thurston, due to a bank in the highway which by this time was quite icy, slid partially off the highway. His truck stopped so that it was partly on the shoulder, with about one-half of the truck however extending out into the roadway proper. Thurston tried to get the unit moving by shifting gears, and the like, but was unable to do so. He then got out of the truck and with a board which he found by the wayside tried to shovel dirt under the wheels of his unit. This was also to no avail.

In the meantime Dodge was driving the truck be-

longing to Driscoll in a westerly direction on U. S. Highway No. 6 and he came upon the scene where the Thurston-driven truck was stopped on the highway. Dodge testified that he first saw the other truck as he "got around the first curve" in the "S" shaped curve in the highway. In this regard Dodge stated that when he first saw the other vehicle, however, he did not realize that it was stopped — and not moving. Continuing, Dodge went on to testify that when he came around the "second curve" for the first time he realized that the other truck was not only stopped but partially on the highway proper. As of this particular moment Dodge testified that he was about seventy-five feet from the stopped truck and that he was going only about 25 miles per hour. Dodge thereafter applied his brakes but skidded into left rear part of Commercial's tractor-trailer unit.

Based on this occurrence Driscoll brought an action against Thurston and Commercial, alleging that its truck was damaged in the sum of $11,180.35 because of the negligence of Commercial's employe, Thurston. By answer Thurston and Commercial denied all negligence and Commercial in turn filed a counter-claim against Driscoll, alleging that its truck was damaged in the sum of $151.46 as a result of the negligence of Driscoll's driver, Dodge.

A trial was had to the court, the litigants expressly waiving their right to trial by jury. The trial court sitting as the trier of the facts found the issues joined in favor of Driscoll and against Commercial and its driver. More specifically, the trial court found as follows: (1) Commercial's driver, Thurston, was negligent in failing to place warning signals as required by C.R.S. '53, 13-4-112; (2) Dodge, the driver for Driscoll, under the circumstances was not guilty of any contributory negligence; and (3) Thurston's negligence in failing to place warning signals as required by law was the proximate cause of the damage to Driscoll's truck. Accord-

ingly, the trial court entered judgment in favor of Driscoll and against Commercial and its driver in the sum of $11,180.35 and at the same time dismissed Commercial's counterclaim. By writ of error Commercial and its employe, Thurston, seek reversal of these judgments.

Although Commercial attacks the trial court's finding that its driver, Thurston, was guilty of negligence in failing to place warning signals and thereby give notice to others that its truck was stopped on the highway, the main thrust of its argument in this court is directed to the finding of the trial court that Discoll's driver, Dodge, was free of any contributory negligence. In this regard, it is asserted that as a matter of law Dodge was guilty of contributory negligence and, alternatively, that the trial court's finding of no negligence on the part of Dodge is not supported by substantial competent evidence, but on the contrary is against the manifest weight of the evidence.

At the outset Commercial recognizes that this court is not a fact-finding body, but then goes on to argue that such does not mean that a finding of a trial court is binding on this court when it appears from the entire record that such finding is clearly erroneous. It is said that the power of this court to review ought not to be so paralyzed that we are unable to prevent a miscarriage of justice! In our view, however, the instant case in nowise lends itself to any such characterization.

Though it has been so oft-repeated that it is almost trite, it is still nevertheless the general rule that it is only in the clearest cases where the facts are not only undisputed but it is also evident that all reasonable men can draw but one inference from them, that the issues of negligence, contributory negligence and proximate causation become matters of law. Rather, if the evidence is disputed, or if reasonable men may well differ as to the inferences to be drawn from undisputed facts, the issues of negligence, contributory negligence

and proximate cause are questions of fact to be resolved by the trier of the facts. *C.R.I. & P. R.R. v. Williams,* 148 Colo. 594, 367 P.2d 342 and *Lasnetske v. Parres,* 148 Colo. 71, 365 P.2d 250.

Without burdening this opinion with unnecessary detail, suffice it to say that our examination of the record has amply convinced us that this is but another instance where the issues of negligence, contributory negligence and proximate causation present questions of fact, and not of law. These disputed matters have now been resolved by the trier of the facts, and there is substantial competent evidence to support the finding that it was the negligence of Commercial's driver which was the proximate cause of the accident and that Driscoll's driver was free of contributory negligence. Though perhaps not on all fours, the facts in the instant case are at least comparable to those in *Reidesel v. Blank,* 158 Colo. 340, 407 P.2d 30. In that case we held that the issues of negligence, contributory negligence and proximate cause were properly submitted to the trier of the facts, *i.e.,* a jury.

Commercial also claims that the eminent trial judge "misapprehended the applicable rules of law" and applied "erroneous principles of law to the facts." To support this conclusory assertion, Commercial seizes upon a passing comment made by the trial court when it denied Commercial's Motion to Amend Findings. In denying this motion the trial court, among many other things, stated "not only must this plaintiff's driver have known that the truck was stopped, but [also that] it was stopped on the highway." Commercial contends that the test is not what Driscoll's driver actually "knew," but rather what a reasonably prudent man under similar circumstances "should have known." In our view after reading the entire findings of the trial court it is abundantly clear to us that the trial court in determining the facts had the concept of the reason-

ably prudent person clearly in mind and that it neither misunderstood nor misapplied the law.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.