Lawrence R. KINSELLA, Stanley Dilley and Duane L. Ault, Plaintiffs-Appellees,

v.

Ralph LEONARD and Quinten Kessler, Defendants-Appellants.

Nos. 243-68, 244-68.

United States Court of Appeals Tenth Circuit.

Aug. 14, 1969.

Rehearing Denied Sept. 25, 1969.

9. See State v. Smith, 27 N.J. 433, 142 A. 2d 890 (1958); State v. Cleveland, 6 N.J. 316, 78 A.2d 560, 23 A.L.R.2d 907 (1951).

John E. Clough and Don R. Evans, Denver, Colo., for appellants.

Kenneth C. Groves, Denver, Colo., for appellees.

Before HILL, TUTTLE and HOLLO-WAY, Circuit Judges.

TUTTLE, Circuit Judge.

These are appeals and cross-appeals from jury verdicts for personal injuries to Kinsella and Ault, and for property damage suffered by Dilley when Kinsella and Ault ditched a trailer-truck, owned by Dilley, to avoid running headlong into a herd of cattle being driven along the road by the defendants Leonard and Kessler. The herd of cattle filled the entire road for a depth of 100 yards at the time of the occurrence.

The evidence permitted the jury to find that the truck drivers were driving downhill on a two lane curved road at a speed of 30–35 miles per hour; that just before rounding a curve they had noticed and understood a warning given them by an on-coming truck;[1] that they slowed down slightly; that a man leading a horse and, on occasion, waving his hat was preceding the herd of cattle by some 900 feet; that this "flag" man had no flag, and that he was not seen by the drivers; that when the truck rounded a curve in the road they found it completely blocked by the cattle at a distance of some 100 yards in front of them; that they thereupon elected to turn the rig into the ditch rather than run through the cattle because they would be unable to stop short of some 200 yards; the speed limit at the place was 50 miles per hour, but the Colorado statute required slower speed if required by giving regard to width, grade, curves, traffic and other conditions. Colorado Stat. 13–5–33.

The jury could also find that Kinsella and Ault were rather seriously injured, requiring substantial medical expenditures and occasioning substantial loss of time and wages.

The parties stipulated that if the defendants were liable, Dilley's loss, from

---

1. The truck driver blinked his lights and waved his arm up and down, which was understood by the plaintiff drivers to indicate "danger ahead."

damages to his tractor-trailer, amounted to $13,946.93 and this amount would not have to be proven.

Upon submission of the case to the jury, the trial court charged that all plaintiffs would be barred if contributory negligence was found as to either driver, and charged that if Dilley was entitled to recover he was entitled to the stipulated sum. No objection to these charges was made.

The jury found a verdict in the personal injury cases for both plaintiffs— $3,000 for Kinsella, $4,750 for Ault, and a verdict for Dilley in the property damage suit for $2,250. Judgment was entered for these amounts, together with interest from the date of suit. Subsequently, Dilley filed a motion to amend his property damage judgment to the stipulated amount; Kinsella and Ault filed motions for a new trial on account of inadequacy, and asked for a new trial on this issue alone; the defendants filed a motion for judgment n.o.v. asserting that the plaintiffs were guilty of contributory negligence as a matter of law, or in the alternative for a new trial on all issues.

The trial court amended the Dilley judgment to comply with the stipulations; denied the Kinsella and Ault motions and denied the defendants' motion for judgment n.o.v. and for a new trial.

We affirm the judgments of the trial court as to all matters.

The principal point on which the original defendants base their appeal is that there was sufficient undisputed evidence to require a finding by the court as a matter of law that the injured parties were guilty of contributory negligence, notwithstanding the finding that they were not so guilty by the jury's verdict.

While the test of sufficiency of evidence to require submission of a case to a jury in the federal courts is a federal rather than state question, we think no better statement of the general rule can be made than that announced by the Colorado Supreme Court in Commercial Carriers, Inc., and John E. Thurston,

Plaintiffs in Error v. Driscoll Truck Lines, Inc., Defendant in Error, 158 Colo. 552, 408 P.2d 445 where at 447 the court said:

"Though it has been so oft-repeated that it is almost trite, it is still nevertheless the general rule that it is only in the clearest cases where the facts are not only undisputed but it is also evident that all reasonable men can draw but one inference from them, that the issues of negligence, contributory negligence and proximate causation become matters of law. Rather, if the evidence is disputed, or if reasonable men may well differ as to the inferences to be drawn from undisputed facts, the issues of negligence, contributory negligence and proximate cause are questions of fact to be resolved by the trier of the facts. Chicago, R. I. & P. R. R. v. Williams, 148 Colo. 594, 367 P.2d 342 and Lasnetske v. Parres, 148 Colo. 71, 365 P.2d 250.

"Without burdening this opinion with unnecessary detail, suffice it to say that our examination of the record has amply convinced us that this is but another instance where the issues of negligence, contributory negligence and proximate causation present questions of fact, and not of law. These disputed matters have now been resolved by the trier of the facts, and there is substantial competent evidence to support the finding that it was the negligence of Commercial's driver which was the proximate cause of the accident and that Driscoll's driver was free of contributory negligence. Though perhaps not on all fours, the facts in the instant case are at least comparable to those in Reidesel v. Blank, 158 Colo. 340, 407 P.2d 30. In that case we held that the issues of negligence, contributory negligence and proximate cause were properly submitted to the trier of the facts, i.e. a jury."

The defendant-appellants particularly stress the argument that undisputed evidence demonstrates that the drivers of the rig failed to comply with the Colora-

do legal principle which is stated by the Supreme Court of Colorado in Reidesel, d/b/a Reidesel Truck Line, and Dickson, Plaintiffs in Error v. Blank, Defendant in Error, 158 Colo. 340, 407 P.2d 30, at page 33:

> "Independently of statute, it is negligence as a matter of law for a person to drive an automobile upon a traveled highway in such a manner and at such a rate of speed so that the vehicle cannot be stopped within the distance at which the driver is able to see objects upon the highway in front of him." Citing Union Pacific R. Co. v. Cogburn, 136 Colo. 184, 315 P.2d 209 (1957); Ridenour v. Diffee, 133 Colo. 467, 297 P.2d 280 (1956).

Here the evidence as to exactly the distance from the first point at which the drivers might have seen the leading phalanx of cattle is not undisputed. The jury could have found that they might have seen the cattle on the shoulder of the highway at a distance well beyond the 200 yards within which they testified they could bring the truck to a stop. The jury would not have been required to find also that the plaintiffs could see that the entire road was blocked. Moreover, as pointed out by the Supreme Court of Colorado in the Reidesel case, when we accept the statement of facts given in detail in the dissenting opinion, (not in conflict with anything said by the majority) it is clear that the principle announced above is not so inflexible as to require a finding that the failure of a vehicle to stop within the distance remaining to the driver after he first sees an obstruction in the highway constitutes negligence as a matter of law. The majority opinion of the court in Reidesel concluded that the presence of a hill or other material object preventing the actual seeing of the roadblock until too late to stop is one of the circumstances that the jury may consider in its determination as to the issues of contributory negligence and proximate cause. Here there was a bend in the road. See 407 P.2d 30 at 31. See also Commercial Carriers, Inc. v. Driscoll Truck Lines, Inc., 408 P.2d at 447.

We conclude that the question of contributory negligence was one for the jury and that the trial court properly overruled the motion for a verdict n.o.v.

The original defendants also seriously contend that the trial court did not have the power to enter a judgment for an amount different than that found by the jury in favor of Dilley, the owner of the tractor-trailer. Here, the parties stipulated that if the defendants were negligently responsible for the injury to the plaintiffs, it would not be necessary for Dilley to prove the loss to himself by reason of the damage to the rig, but that the jury could find the amount stated in the stipulation. We conclude the trial court clearly had the authority to enter a judgment for the amount stipulated by the parties as the proper amount of damages.

We find no error in the charge of the trial court respecting the other matters raised on this appeal by the defendants. The charge fairly outlined the contentions, the theories and the issues between the parties, and we conclude that the defendants' appeal must in all respects be overruled.

In addition, the original plaintiffs, Kinsella and Ault, moved for a new trial alleging that the amount of the verdicts granted them on the undisputed evidence of the injuries suffered by them, when combined with the verdict, erroneously entered by the jury for the sum of $2,250 instead of for the stipulated amount for Dilley, demonstrates as a matter of law that the jury arrived at a compromise verdict which must be set aside. Trial courts, especially federal courts, are extremely reluctant to reverse judgments based upon jury verdicts fixing the amount of damages. We think the language of the Court of Appeals for the District of Columbia Circuit in Bryant v. Mathis, 1960, 107 U.S.App.D.C. 339, 278 F.2d 19 is here apposite.

"Although the jury's verdict in this case creates some 'wonderment,' Rankin v. Shayne Bros., Inc., 1956, 98 U.S.App.D.C. 214, 215, 234 F.2d 35, 36, we cannot say that it was so arbitrary that it must be reversed as a matter of law."

We find no other error in the instructions given by the trial court from which the plaintiff-appellants have a cause of complaint.

The judgments in both cases are affirmed.

## ON PETITION FOR REHEARING

TUTTLE, Circuit Judge, Sitting by designation.

 In their petition for rehearing the defendants-appellants raise for the first time the propriety of the part of the trial court's judgment which allows interest to the successful plaintiff "at the rate of six percent per annum from and after February 3, 1967, the date of filing the complaint of Dilley for property damage." In diversity cases, the federal courts look to the state law with respect to the allowance of interest in the event of recoveries. The Colorado statute permits interest from the date of the filing of the complaint with respect to personal injuries, but not with respect to property damage. Although we consider this a rather late state of the proceedings to attack this part of the judgment for the first time, we conclude that the inclusion of this extra interest is so clearly not authorized and since it involves only a mathematical computation, we feel that justice requires that we give effect to the provisions of the Colorado statute. This requires a modification of the judgment of the trial court by the elimination of interest on the judgment in favor of Dilley between the time of the filing of his suit and the date of the judgment of the trial court.

We have carefully considered the other grounds in the petition for rehearing and find them without merit.

The judgment of the trial court will be modified as indicated. Otherwise, the petition for rehearing is denied.