500 P.2d 151 (1972)
Robert L. IRISH, D.D.S., Plaintiff-Appellant,
v.
The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado corporation, Defendant-Appellee.
No. 71-326.
Colorado Court of Appeals, Div. I.
June 13, 1972.
Rehearing Denied July 5, 1972.
Certiorari Denied September 5, 1972.
*153 Clanahan, Tanner, Downing & Knowlton, David C. Knowlton, Thomas C. McKee, Denver, for plaintiff-appellant.
Akolt, Shepherd, Dick & Rovira, Stuart S. Gunckel, Denver, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff, a dentist specializing exclusively in the field of periodontics and endodontics, brought an action against defendant claiming damages from loss of profits and from expenditures in mitigation of those losses, such damages allegedly being caused by defendant's negligent failure to include plaintiff's professional listing in the yellow pages of the 1968 edition of the telephone directory.
After trial to a jury on motions of the parties after both parties had rested, the court found in favor of plaintiff on the issue of liability and awarded damages which defendant admitted to be the amount of plaintiff's expenses, but denied any recovery to plaintiff for loss of profits. It found, as a matter of law, that plaintiff had failed to establish a causal connection between defendant's negligence and plaintiff's claimed loss of profits and had failed to provide evidence from which such loss, even if it existed, could be computed. Plaintiff claims that the trial court erred in dismissing that portion of his complaint seeking recovery of loss of profits. We agree and reverse.
Plaintiff has been practicing his specialized field of dentistry in the Denver area since 1956. In April of 1966, he relocated his office from downtown Denver to Lakewood. Because of the specialized nature of his practice, virtually all of his patients come from referrals from other dentists. The canons of ethics for his profession do not allow him to practice outside his speciality. Plaintiff has always subscribed for telephone service and his professional listing has always appeared in the yellow pages of the Denver telephone directory. In the 1968 edition of the directory, which was in use in the Denver area from July 1968 to October 1969, plaintiff's professional listing was omitted from the yellow pages of the directory, although it appeared in the white pages.
To make a prima facie case for submission of the damage issue to the jury, plaintiff was required to establish that the omission of his listing was a proximate cause of the damages incurred, including loss of profits. Kelley v. Holmes, 28 Colo.App. 79, 470 P.2d 590. The evidence introduced by plaintiff was sufficient to require submission of these issues to the jury. Plaintiff's evidence showed that, compared to previous and subsequent years, he had fewer new patients, his actual working time was less, and he experienced a substantial increase in the number of patients not keeping scheduled appointments. A decline in business is a natural and probable consequence of omission of a professional listing in the telephone directory. Scheinuk the Florist, Inc. v. Southern Bell Telephone and Telegraph Co., 128 So. 2d 683 (La.App.). This is especially true where, as here, the directory was the only permissible means of advertising and plaintiff's business originated almost entirely from referrals. Although plaintiff sent announcements to dentists in December 1968, persons referring and being referred would ordinarily rely on the directory to locate plaintiff's office and telephone number. In Garcia v. Mountain States Telephone & Telegraph Co., 10 Cir., 315 F.2d 166, a case very similar factually to the present case, the court said:
"It was incumbent upon [the dentist] to prove not only that the Telephone Company negligently omitted his listing from the classified section of the directory, but that he suffered compensatory damages as a foreseeable consequence of such omission. [Citing authorities]. It seems entirely reasonable to foresee that the omission of the Doctor's name from the classified section of the directory would result in pecuniary loss. For, the very purpose of the listing is to facilitate the Doctor's contacts and thus enhance *154 his professional practice. Indeed, no other result was intended or contemplated."
Lack of direct testimony by a referred non-appearing patient or by a referring dentist of attempt and failure to locate plaintiff's office is not necessarily fatal to plaintiff's case as causation may be shown by circumstantial evidence alone and jurors may draw upon ordinary human experience as to the reasonable probabilities. Branco Eastern Co., Inc. v. Leffler, Colo., 482 P.2d 364; Hilzer v. MacDonald, 169 Colo. 230, 454 P.2d 928. The plaintiff's evidence showed that his business was extraordinarily dependent on the directory and that the period of omission corresponded directly with the decline in business. From the circumstances shown, the jury could logically conclude that the omission of plaintiff's professional listing in the directory was a substantial factor in causing the decline of his business. If reasonable men may differ as to the inferences to be drawn from undisputed facts, the issue of proximate cause is a question of fact for the trier of the facts. Commercial Carriers, Inc. v. Driscoll Truck Lines, Inc., 158 Colo. 552, 408 P.2d 445.
To recover loss of profits, the plaintiff not only had to establish the existence of such loss but also had to provide evidence from which such loss could be computed. Plaintiff introduced his financial statements from 1965 through 1970, and testified as to the net income received, time periods of actual work, and patients seen for each fiscal year from 1966-67 through 1969-70. Each factor showed an increase during this period except for the year of omission from the directory. He also testified that he worked 38 additional days and took less remunerative work during the year of omission in an attempt to mitigate his damages.
Plaintiff suggested computing damages by applying a daily gross income rate to the time lost. To be compensable as loss of profit, damages must be computed by some method devised to determine net loss incurred. Garcia v. Mountain States Telehone and Telegraph Co., supra. Plaintiff's financial statements were six-month reports of gross receipts, disbursements, and net income. From these the jury could have determined annual net loss or could have followed plaintiff's method to determine daily expenses and daily net earnings. Though the exact amount of damages cannot be precisely ascertained because plaintiff's records do not coincide with the exact period that his name was omitted from the yellow pages of the telephone directory and the amount of loss of growth in his business could not be exactly ascertained, a plaintiff who has shown damage should not be denied recovery because of such inexactness. Donahue v. Pikes Peak Automobile Co., 150 Colo. 281, 372 P.2d 443. Gould v. Mountain States Telephone and Telegraph Company, 6 Utah 2d 187, 309 P.2d 802. If substantial evidence and reasonable inferences therefrom provide a reasonable basis of computation, an approximation is sufficient and the question is for determination by the trier of facts. Peterson v. Colorado Potato Flake & Mfg. Co., 164 Colo. 304, 435 P.2d 237.
Our determination of the issues of causation and of computation of damages is dispositive of this appeal. However, since the case is being returned for a new trial, we will point out that the admission of exhibits which are only illustrative of testimony relative thereto is within the discretion of the trial court. McGovern v. Board of County Commissioners, 115 Colo. 347, 173 P.2d 880.
Judgment is reversed and the case is remanded for a new trial on the issue of damages.
SILVERSTEIN, C. J., and SMITH, J., concur.