508 P.2d 410 (1973)
William O. GOETZ, d/b/a Do-All Furnace Company, Plaintiff-Appellee,
v.
SECURITY INDUSTRIAL BANK, a Colorado Banking Corporation, Defendant-Appellant.
No. 71-405.
Colorado Court of Appeals, Div. I.
March 27, 1973.
*411 Ireland, Stapleton, Pryor & Holmes, P. C., Kenneth L. Starr, Denver, for plaintiff-appellee.
Douglas F. Primavera, Michael E. Katch, Denver, for defendant-appellant.
Not Selected for Official Publication.
PIERCE, Judge.
Plaintiff is the owner and operator of a furnace installation and repair business. He carries his parts and tools in a truck while he is on the job. In December of 1970, he was conducting his business out of a pickup truck borrowed from a friend, Bill Pace. While the pickup was in plaintiff's possession, it was repossessed by the defendant bank as a result of Pace's failure to make an installment payment. Upon learning of the repossession, plaintiff called the bank to determine if it had the truck in its possession. The bank denied having possession. The following day, plaintiff drove by the bank and saw the truck parked in an enclosure behind the bank. He was able to see some of his tools in the truck. He entered the bank and requested the return of his tools, but was told he would have to speak to a certain bank officer regarding this problem. After waiting several hours, he was informed that the officer would not see him that day. He returned the following day and again was told he had to wait to see the bank officer. After a few hours, he was informed that the bank would not release his tools.
Thereafter, in an attempt to maintain his business, plaintiff took time off from his work to replace the parts and tools that the bank had appropriated. During this time he continued to pay the salaries of his crew.
Subsequently, this action was filed. Plaintiff sought return of or damages for loss of the tools, damages for the time he lost from working, both while at the bank and while replacing the tools, and exemplary damages. The bank denied having repossessed the truck with plaintiff's tools in it, and denied that plaintiff had requested the return of the tools. A writ of replevin was issued, requiring delivery of the tools and parts, but upon service by the sheriff the bank denied possession. Shortly before trial, the bank delivered the parts and tools to Pace, although Pace informed them that they were not his property. Judgment was entered for plaintiff.

I.
The bank first complains that the amount of damages awarded for loss of time was improper. It contends that the relief granted was for lost profits, and that Lee v. Durango Music, 144 Colo. 270, 355 P.2d 1083 sets forth the proper measure of damages which was not followed by the court. It is the bank's view that testimony in this action would indicate the amount awarded was for gross profits instead of net profits under that rule.
Plaintiff's claim, however, is not for lost profits. Rather, it is for the time *412 he spent attempting to convince the bank that it had the wrong property, and for the time he spent getting his business going again. The bank would be responsible for lost profits if plaintiff had been forced to cease operations pending the return of the tools. Here, though, he continued operations, including paying salaries at an immediate expense to himself. This had the result of mitigating the possible harsh result of a complete cessation of business. He testified that he lost time valued at $450 and the trial court awarded him that sum. We adopt the rule that one who has been injured by the wrongful acts of another is entitled to legitimate expenses incurred in the mitigation of damages he would otherwise incur. Kleinclaus v. Marin Realty Co., 94 Cal.App.2d 733, 211 P.2d 582; City of Enid v. Crow, 316 P.2d 834 (Okl.).
The question then becomes one of determining whether the sum awarded by the trial court is reasonable. The court's award for lost time was based upon plaintiff's own testimony as to the value of this time away from the business. Plaintiff is competent to testify to this fact, Heckman v. Warren, 124 Colo. 497, 238 P.2d 854, and it is proper for the court in its discretion to adopt this valuation.

II.
The bank next contends that plaintiff did not properly prove the value of the items appropriated. The record, however, indicates that plaintiff had a precise recollection of the number of items which were taken by the bank and stated the range, in his opinion, of their values. In each instance, the bottom valuation was used by the court, and where plaintiff was uncertain as to whether a particular item was on the truck, that item was omitted by the court.
Plaintiff is competent to testify as to his damages, even though he has no specific record from which to testify. Heckman v. Warren, supra. Furthermore, plaintiff's valuation of the tools is adequate to support a verdict in his favor. The determination of damages is within the sound discretion of the trier of fact. Irish v. Mountain States Telephone and Telegraph Co., 31 Colo.App. 89, 500 P.2d 151. We find no error in the valuation of plaintiff's lost time or tools, and thus, this determination will not be disturbed on appeal.

III.
The bank next objects to the award of punitive damages. C.R.S. 1963, 41-2-2, allows exemplary damages in all civil actions where damages are assessed for a wrong done to a person or to personal and real property, where the injury complained of is attended by circumstances of fraud, malice or insult, or by wanton and reckless disregard for the injured party's rights and feelings. The treatment extended to plaintiff by the bank, in denying first that it had the tools and then refusing to return them, even when it was apprised of the fact that it had repossessed goods to which it had no claim, shows a sufficient disregard of plaintiff's rights to be considered wanton and reckless. Nor do we agree that the bank can escape liability for damages for the tortious acts of its agents under these circumstances by contending that it had not authorized the acts. Here, numerous acts committed over a period of time by several bank employees and officers show an implied authority and a ratification. Kelite Products, Inc. v. Binzel, 5 Cir., 224 F.2d 131; Farvour v. Geltis, 91 Cal.App.2d 603, 205 P.2d 424.

IV.
Finally, the bank complains that the trial court could only award the return of the property and not damages in this instance. We have examined this contention and find it without merit, and further note that this alleged error was not raised in the motion for a new trial, and we do not *413 choose to address it on appeal. Martin v. Opdyke Agency, Inc., 156 Colo. 316, 398 P.2d 971.
Judgment affirmed.
COYTE and SMITH, JJ., concur.