No. 22297.

LESLIE S. BUCHANAN *v.* MILTON P. BRANDT.
(450 P.2d 324)

Decided February 10, 1969.

John A. Kintzele, for plaintiff in error.

Victor E. DeMouth, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice McWilliams.

This writ of error arises out of a two-car collision occurring in the intersection of West 10th Avenue and Wadsworth Boulevard in Jefferson County at about 1:30 p.m. on a January afternoon. Leslie Buchanan, age 70, driving a 1955 Oldsmobile, was one of the drivers involved in the accident and he will hereinafter be referred to as the plaintiff.

Upon trial the plaintiff testified that just before the accident he was driving north on Wadsworth approaching the intersection of Wadsworth and West 10th Avenue where he intended to make a left-hand turn. He stated that this intersection was controlled by signal lights and that as he came into this intersection he had the green arrow light, which permitted him to make a left-hand turn. Plaintiff then went on to testify that he proceeded to negotiate a left-hand turn and had virtually completed his turn and was nearly out of the intersection when his vehicle was struck violently on the right side by another vehicle being driven in a southerly direction on Wadsworth. Plaintiff's version of how the accident occurred was generally corroborated by a passenger in his car.

Milton Brandt was the driver of the other vehicle involved in this accident and he will hereinafter be referred to as the defendant. It was the defendant's testimony that just prior to the accident he was driving south on Wadsworth approaching West 10th Avenue. There are three lanes for southbound traffic on Wadsworth, and the defendant testified that a short distance from the intersection of Wadsworth and West 10th Avenue he swung over into the extreme right-hand lane. The defendant further stated that about 60-80 feet

back from the intersection the signal light turned green for southbound traffic on Wadsworth and he accordingly proceeded into the intersection at about 25 to 30 miles per hour. Suddenly, according to the defendant, the plaintiff's vehicle appeared in his path, and though he applied his brakes, he could not avoid hitting the plaintiff's vehicle.

A witness for the defendant testified that he too had been proceeding south on Wadsworth and that when he came to West 10th Avenue he came to a complete stop for a red light. Moments later, according to this witness, the signal light turned green for southbound traffic on Wadsworth and as he started to go forward a vehicle, which he later determined to be the one driven by the plaintiff, suddenly made a left-hand turn in front of him. It was only by a quick application of his brakes that the witness was able to avoid hitting the plaintiff's vehicle.

Contending that he was damaged by the defendant's negligence, the plaintiff, based on the foregoing occurrence, sought damages as follows: $200 for medical expenses; $100 for loss of wages; and $10,000 for personal injuries sustained by him in the accident. By answer the defendant denied negligence, affirmatively pled contributory negligence, and counterclaimed in the sum of $1,642.42 for the damages to his 1962 Corvette.

Trial by jury culminated in a verdict in favor of the defendant as to the plaintiff's claim, and in favor of the plaintiff on the defendant's counterclaim. Motions for new trial were filed by both plaintiff and defendant and each was denied. In this writ of error both plaintiff and defendant seek reversal of the judgment of the trial court. In other words, the plaintiff seeks reversal of that part of the judgment wherein his claim was in effect dismissed. And the defendant in turn seeks reversal of that part of the judgment finding for the plaintiff on his counterclaim.

Plaintiff's main contention is that based on the evi-

dence adduced upon trial the trial court should have directed a verdict in his favor on the issue of liability. And as a corollary thereof, it is further argued that the trial court should have also directed a verdict in favor of the plaintiff as to the defendant's counterclaim. It is intimated that defendant's counterclaim was only frivolous and that by submitting it to the jury the trial court only muddied the waters and in a very real sense invited the jury to do exactly what it did, namely, return verdicts whereby "neither party took any damages by reason of his claim." With this line of argument we do not agree.

Our review of all of the evidence adduced upon trial leads us to conclude that the trial court did not err in refusing to direct verdicts in favor of the plaintiff and against the defendant on the issue of liability. It has been stated so often that it is now almost trite, but it is nonetheless still true, that it is only in the clearest of cases where the facts are not only undisputed but reasonable minds could draw only one inference from such undisputed facts, that the issues of negligence and contributory negligence are issues of law. *Lasnetske v. Parres,* 148 Colo. 71, 365 P.2d 250.

Certainly in the instant case, the testimony and the inferences therefrom posed disputed questions of fact, and not questions of law, as concerns the related issues of negligence, contributory negligence and proximate cause. Admittedly, the plaintiff's evidence tended to show that he was negotiating his left-hand turn with the green arrow in his favor and from his testimony it could well be inferred that at the moment of impact he still had the green arrow, in which event the defendant would have run a red light.

On the other hand, however, the defendant's evidence tended to show the light had in fact turned green for him some distance back from the intersection and from this it could be reasonably inferred that plaintiff was attempting to "slide" through the intersection as the

green arrow was turned off. This being the state of the record, the trial court ruled quite properly that the issue of liability, both as relates to the plaintiff's claim and the defendant's counterclaim, posed controverted issues of fact to be resolved by the jury, and not the court. The instant case is governed by *Bates v. Stagg*, 157 Colo. 456, 404 P.2d 530 and *Lasnetske v. Parres*, *supra*.

██ Plaintiff also complains because the trial court refused to let one of his witnesses, a state highway patrolman, express his opinion that the collision was due to "fault" on the part of the defendant. The question calculated to elicit such answer was not proper and hence we find no error in this regard. This particular point in our view is governed by *McNelley v. Smith*, 149 Colo. 177, 368 P.2d 555, and not *Bridges v. Lintz*, 140 Colo. 582, 346 P.2d 571.

██ Plaintiff also sought a new trial on the ground of newly discovered evidence. It seems that upon trial the state highway patrolman, one of plaintiff's witnesses, in listing the three or four persons who were supposedly eyewitnesses, mentioned one who up to that time was not known to counsel for plaintiff. It is argued that a new trial should be ordered in order that the "missing" witness could be called and permitted to give his version of the accident. The granting or denial of a motion for new trial based on newly discovered evidence rests largely in the discretion of the trial court, and in the instant case the trial court did not abuse its discretion when it declined to grant a new trial on the grounds of newly discovered evidence. *Hudson v. American Co.*, 151 Colo. 54, 377 P.2d 391.

██ As indicated above, the defendant contends that though the judgment in his favor on the plaintiff's claim should be affirmed, there should nonetheless be a reversal of the judgment entered in favor of the plaintiff on his (the defendant's) counterclaim. This is based on what is claimed to have been error on the

part of the trial court in overruling defendant's objection to a question propounded by counsel for plaintiff to the state highway patrolman. It is debatable as to whether the question thus propounded was a proper one, even under the rule enunciated in *Bridges v. Lintz, supra*. But even assuming for the sake of argument some error in this regard, our review of the total picture leads us to conclude that the error, if any, was not prejudicial.

The judgment is affirmed in its entirety.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.