504 P.2d 1108 (1972)
Della WARD, Plaintiff-Appellee,
v.
Melford ENEVOLD, d/b/a Shangri-La Lounge and Fred Salton, d/b/a Stag Bar, Defendants-Appellants.
No. 71-380.
Colorado Court of Appeals, Div. I.
October 11, 1972.
Rehearings Denied November 8, 1972.
Certiorari Denied January 15, 1973.
*1109 Gerash, Gerash & Davis, Gerald A. Gerash, Denver, for plaintiff-appellee.
Zarlengo, Mott & Carlin, Donald E. Cordova, Denver, for defendant-appellant Melford Enevold, d/b/a Shangri-La Lounge.
Yegge, Hall & Evans, Eugene O. Daniels, Denver, for defendant-appellant Fred Salton, d/b/a Stag Bar.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiff filed suit against defendants seeking money damages for personal injuries which she allegedly sustained as the result of a slip-and-fall on defendants' properties on December 13, 1968. She alleged that defendants permitted a dangerous condition to exist and failed to warn of the existence of such condition and that she sustained injuries as result of their negligence. Both defendants generally denied the allegations of plaintiff's complaint and set forth the affirmative defense that the proximate cause of the injuries in question was negligence or contributory negligence of plaintiff.
After trial to a jury, a verdict was entered in favor of plaintiff against both defendants. Defendants appeal. We affirm.
The basic facts are not in dispute. The Stag Bar leased one-half of Lot 28 which fronted on Federal Boulevard and was 130 feet deep. To the rear of the building was an 82-foot asphalt parking lot, approximately half of which was within the leased property with the remaining half extending into the unleased and otherwise vacant portion of Lot 28. The record does not disclose who owned the westerly 130 feet *1110 of Lot 28. The main entry to the parking lot was from Federal Boulevard, toward which the Stag Bar faced.
Adjacent to the Stag Bar to the north was the Shangri-La Bar, which occupied an area for the building and parking of approximately 165 × 260 feet. Immediately to the rear of the Shangri-La Bar parking lot was the Reese Coffee House. Between the back portion of the Shangri-La property and the rear, unleased portion of Lot 28 was an old retaining wall, part of which had "sluffed down." On occasion cars had come onto the Stag Bar property by coming across the west end of the Shangri-La Bar lot, up an incline where the wall had "sluffed" off, across the vacant portion of Lot 28, and into the Stag Bar parking lot. On the evening in question lights on the rear of the Reese Coffee House were lighted and reflected some light and there was light reflected from the beer sign in the rear of the Stag Bar.
On the night of her fall plaintiff and her husband had parked their car at the rear of the Stag Bar. They went out the back door of the Stag Bar and intended to cross the property in the rear of the Stag Bar and follow the trail across the Shangri-La parking lot to the Reese Coffee House. As plaintiff approached the sluffed-off retaining wall area, she tripped and fell on her knee, sustaining serious injuries. She apparently tripped on the westerly vacant portion of Lot 28 and fell some 8 or 10 feet over into the rear of the Shangri-La property.
Each defendant contends that the court erred in denying its motion for a directed verdict and in refusing to consider the plaintiff contributorily negligent as a matter of law.
Defendant Stag Bar additionally denies any liability on the ground that the injury occurred beyond the property which it leased. Liability does not depend upon legal title to the property but may be incurred by one in possession or control of the property. Colorado Jury Instructions 12; 65 C.J.S. Negligence § 94; see Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964. There is undisputed evidence that defendant Stag Bar had extended its parking lot into the unleased portion and erected and maintained a lighted sign in that area. These facts establish that Stag Bar was an occupant of the area in question.
Defendant Shangri-La additionally claims that it is not liable because plaintiff was not a patron of that establishment. The status of the plaintiff, though it may have some bearing on the issue of liability, is not determinative of Shangri-La's responsibility to her. Mile High Fence Co. v. Radovich, Colo., 489 P.2d 308. The owner or occupier of property has a duty to act as a reasonably prudent man in view of the probability or foreseeability of injury to others. Mile High Fence Co. v. Radovich, supra; Kenney v. Grice, 171 Colo. 185, 465 P.2d 401.
The plaintiff contends that each defendant breached its duty by knowingly maintaining a dangerous condition on its property, which condition caused the plaintiff's fall and resulting injuries. There was evidence that both defendants were aware of traffic across the property and that they knew or should have known of the condition of the retaining wall and the lack of lighting in the area in question. An inference might properly be drawn from the evidence that the defendants realized or should have realized the likelihood that a pedestrian would traverse this route between the bars and to the coffee shop in the darkness of night. Similarly, there was evidence from which the jury might reasonably conclude that the plaintiff's fall and subsequent injuries were proximately caused by the unlit drop-off between the properties. Because the evidence, viewed most favorably to the plaintiff, could lead fairminded men to different conclusions, the foreseeability of injury and the reasonableness of defendants' failure to take preventative measures presented issues for determination by the jury. The motions for directed verdicts were properly denied. *1111 Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185.
Both defendants alleged that plaintiff's negligence contributed to her injuries. The evidence, again viewed most favorably toward the plaintiff, indicates that, although there was sufficient light to see the path, the drop-off itself was hidden in darkness. The plaintiff testified that the land between the Stag Bar and the coffee house appeared to be flat. The jury might reasonably determine that she was not negligent in taking this route. If the evidence is disputed or if reasonable men may differ as to the inferences to be drawn from undisputed facts, the issues of contributory negligence, negligence and proximate cause are questions of fact to be resolved by the trier of the facts. Commercial Carriers, Inc. v. Driscoll Truck Lines, Inc., 158 Colo. 552, 408 P.2d 445.
The Supreme Court has often repeated that:
". . . it is only in the clearest of cases where the facts are not only undisputed but reasonable minds could draw only one inference from such undisputed facts, that the issues of negligence and contributory negligence are issues of law." Buchanan v. Brandt, 168 Colo. 138, 450 P.2d 324.
Though many of the basic facts in the present case are uncontroverted, varying inferences and conclusions might reasonably be drawn therefrom and the issues of negligence and contributory negligence were for the jury to determine.
Where, as here, there is evidence in the record to support the verdict rendered by the jury, that verdict will not be disturbed upon review. Chartier v. Winslow Crane Service Co., 142 Colo. 294, 350 P.2d 1044.
Defendants urge that the court erred in instructing the jury on the issue of future damages and permanent disability. There was medical testimony that the plaintiff was suffering from traumatic chondromalacia of the patella of the left knee which was a permanent incurable condition. There was testimony from plaintiff and other witnesses that at the time of the trial, more than two years after the injury, plaintiff continued to suffer pain and other physical effects resulting in a general restriction of her personal life and in her inability to work at her former types of employment. The evidence was sufficient to allow the jury to consider the question of future pain and suffering and impairment of earning capacity and the court did not err in instructing the jury on this area of damages.
Defendant Shangri-La claims that the damages awarded were excessive as a matter of law. When properly instructed, the jury has a wide discretion as to the amount of damages to be awarded. Boyer v. Elkins, 154 Colo. 294, 390 P.2d 460. The verdict of the jury will not be set aside as a matter of law unless the amount is grossly and manifestly excessive. Bohlender v. Oster, 165 Colo. 164, 439 P.2d 999; Riss & Co. v. Anderson, 108 Colo. 78, 114 P.2d 278. In the present case the jury's award of $25,000 was within the realm of jury discretion and not excessive as a matter of law. Such award will not be disturbed on review.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.

On Petitions for Rehearing
In denying the petitions we have determined that the instructions as given required plaintiff to prove a higher standard of care by defendants than is required by Mile High Fence Co. v. Radovich, Colo., 489 P.2d 308, and were therfore not prejudicial to defendants.